UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                :    Chapter 11

In re:                       :  

                               :    Case No. 09-11233 (REG)

CHEMTURA CORPORATION, *et al.*,  :  

                               :    Jointly Administered

                 Debtors.    :  
-------------------------------------------------------x

### FINAL ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF LAZARD FRÈRES & CO. LLC AS INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

        Upon the application (the "**Application**"), dated March 18, 2009, of the

above captioned debtors and debtors in possession (collectively, the "**Debtors**") for an

order, pursuant to sections 327 and 328(a) of title 11 of the United States Code, 11 U.S.C.

§§ 101 *et seq.* (as amended, the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules

of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules

for the United States Bankruptcy Court for the Southern District of New York (the

"**Local Rules**") authorizing the Debtors to employ and retain Lazard Frères & Co. LLC

("**Lazard**") as their investment banker *nunc pro tunc* to March 18, 2009 (the "**Petition**

**Date**"); and upon the Declaration of Stephen C. Forsyth, Executive Vice President and

Chief Financial Officer, in Support of First Day Pleadings (the "**First Day**

**Declaration**"); and upon the Declaration of Daniel M. Aronson, a Managing Director of

Lazard in support of the Application (the "**Aronson Declaration**"); and upon the

Supplemental Declaration of Daniel M. Aronson in support of the Application (the

"**Aronson Supplemental Declaration**," and together with the Aronson Declaration, the

"**Aronson Declarations**"); and the Court having considered the Application and the First

Day Declaration and determined that the employment of Lazard by the Debtors is in the best interests of the Debtors' estates, their creditors and other parties in interest and that the terms of the Lazard Agreement (as defined herein) are reasonable for purposes of section 328(a) of the Bankruptcy Code; and the Court having considered the Aronson Declarations and the Court being satisfied that Lazard neither holds nor represents any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed; and the Court having determined that Lazard is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested herein being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application appearing to be adequate and appropriate under the circumstances; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby Ordered that:

1.      The Application is granted as set forth herein, *nunc pro tunc* to the Petition Date.

2.      The Debtors are authorized, pursuant to sections 327 and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, to employ and retain Lazard as their investment banker in accordance with the terms and conditions set forth in the engagement letter (the "**Engagement Letter**") attached to the Application as Exhibit 1 to Exhibit A and the indemnification agreement attached to the Application as

Exhibit 2 to Exhibit A (the "**Indemnification Agreement**," and together with the Engagement Letter, the "**Lazard Agreement**").

        3.      All of Lazard's compensation as set forth in the Lazard Agreement, including, without limitation, the Monthly Fee, the Restructuring Fee and the Financing Fee (each as defined in the Engagement Letter), and the Divestiture Fee (as defined herein), are approved pursuant to section 328(a) of the Bankruptcy Code, and Lazard shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Lazard Agreement, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court.

        4.      Notwithstanding anything to the contrary in the Application, the Aronson Declarations or the Lazard Agreement:

        a.      Lazard shall be subject to an aggregate fee cap of $12,200,000 in connection with all services contemplated by the Application, the Aronson Declarations, the Engagement Letter and this Order; provided, that for the avoidance of doubt, such aggregate fee cap shall not limit any of the Debtors' obligations under the Indemnification Agreement;

        b.      For purposes hereof, the term "**Divestiture Transaction**" means any transaction or series of transactions involving (i) an acquisition, merger, consolidation, or other business combination pursuant to which the business or assets of the Debtors are, directly or indirectly, combined with another company; (ii) the acquisition, directly or indirectly, by a buyer or buyers (which term shall include a "group" of persons as defined in Section 13(d) of the Securities Exchange Act of 1934, as amended), of equity interests or options, or any combination thereof constituting a majority of the then outstanding stock of the Debtors or possessing a majority of the then outstanding voting power of the Debtors (except as may occur with current stakeholders as a result of a Restructuring (as defined in the Engagement Letter)); (iii) any other purchase or acquisition, directly or

indirectly, by a buyer or buyers of significant assets, securities or other interests of the Debtors or (d) the formation of a joint venture or partnership with the Debtors or direct investment in the Debtors for the purpose of effecting a transfer of an interest in the Debtors to a third party;

c. Lazard may, subject to its agreement to so act, assist the Debtors in identifying and evaluating candidates for a potential Divestiture Transaction, advise the Debtors in connection with negotiations and aid in the consummation of a Divestiture Transaction;

d. If, whether in connection with the consummation of a Restructuring or otherwise, the Debtors consummate any Divestiture Transaction, the Debtors shall pay Lazard a fee (the "**Divestiture Fee**") based on the Aggregate Consideration calculated as set forth in <u>Schedule I</u> to this Order. One-half of any Divestiture Fee paid shall be credited against any Restructuring Fee subsequently payable; <u>provided</u>, that Lazard shall not be entitled to any Divestiture Fee in connection with a Divestiture Transaction in which Lazard did not have a material role;

e. Lazard shall not be entitled to any additional Financing Fees (other than those accrued prior to the commencement of the Debtors' chapter 11 cases) (i) for any debtor-in-possession financing or amendments to any debtor-in-possession financing or (ii) in connection with the procurement of any financing for which Lazard did not have a material role; and

f. If at any time during the term of Lazard's engagement, the Debtors desire to retain Lazard to provide services in addition to those contemplated by the Engagement Letter or authorized hereby, the Debtors shall seek such relief by application to this Court on no less than ten business days' notice to parties in interest, and the rights of all parties to object on any basis to such relief is hereby reserved; <u>provided</u>, <u>however</u>, that in connection with such application for additional services, the Debtors shall not seek approval for and Lazard shall not be entitled to any compensation in excess of the aggregate fee cap set forth in clause (a) above.

5. Lazard shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in

sections 330 and 331 of the Bankruptcy Code.  Notwithstanding anything to the contrary set forth above, the United States Trustee retains all rights to object to Lazard's interim and final fee applications (including expense reimbursement) on all grounds including the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6.　　Lazard shall be excused from keeping time records for services rendered in one-tenth of an hour increments, and instead shall only be required to maintain time records in half-hour increments.

7.　　None of the fees payable to Lazard shall constitute a "bonus" or fee enhancement under applicable law.

8.　　The terms of the Lazard Agreement are approved in all respects except as limited or modified herein.

9.　　Section 11 of the Engagement Letter is hereby amended by deleting the portion of the last sentence thereof, starting with the words "nothing herein is intended ...."  Notwithstanding any provision to the contrary in the Engagement Letter, Lazard is being engaged as and shall be deemed to be an independent contractor, it being understood that Lazard shall have no authority to bind, or otherwise act as an agent, executor, administrator, trustee, lawyer, or guardian for the Debtors, nor shall Lazard have the authority to manage money or property of the Debtors.

10.　　In the event Lazard seeks reimbursement for attorneys' fees pursuant to the terms of the Lazard Agreement, the invoices and supporting time records from such attorneys shall be included in Lazard's own application and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation

5

and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code.

11.     The Debtors shall be bound by the indemnification, contribution, reimbursement, exculpation and other provisions of the Lazard Agreement and will indemnify and hold harmless Lazard and its affiliates, and its and their respective directors, officers, members, agents, employees and controlling persons, and each of their respective successors and assigns (collectively, the "**Indemnified Persons**"), pursuant to the Lazard Agreement and, during the pendency of these chapter 11 cases, subject to the following conditions:

a.      All requests of Indemnified Persons for payment of indemnity, contribution or otherwise pursuant to the Indemnification Agreement shall be made by means of an interim or final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Lazard Agreement, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the orders of this Court; provided, however, that in no event shall an Indemnified Person be indemnified or receive contribution to the extent that any claim or expense has resulted from the bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence or willful misconduct on the part of that or any other Indemnified Person;

b.      In no event shall an Indemnified Person be indemnified or receive contribution or other payment under the indemnification provisions of the Lazard Agreement if the Debtors, their estates or the official committee of unsecured creditors assert a claim, to the extent that the Court determines by final order that such claim resulted from the bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person; and

c.      In the event an Indemnified Person seeks reimbursement for attorneys' fees from the Debtors pursuant to the Lazard Agreement, the invoices and supporting time records from such attorneys shall be annexed to Lazard's own interim

and final fee applications, and such invoices and time records shall be subject to the United States Trustee's Guidelines for compensation and reimbursement of expenses and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

13.     To the extent this Order is inconsistent with the Lazard Agreement, this Order shall govern.

14.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


New York, New York
Date: June **_23rd_**, 2009

                                        **_/s/ Robert E. Gerber_**
                                        UNITED STATES BANKRUPTCY JUDGE

Doc#: US1:5592864v6

## SCHEDULE I

**Fees for Divestiture Transactions**

The following table outlines the Divestiture Transaction fee schedule. The total fee is calculated by breaking down the Aggregate Consideration (defined below) and multiplying each increment by the corresponding incremental fee. For example, for a transaction in which the Aggregate Consideration paid is $60 million, the fee would be $625,000 + $550,000 + $175,000 which totals $1.35 million.

| Aggregate Consideration ($ in millions) | Incremental Fee % |
|---|---|
| $0  - $25 | 2.50% |
| $25 - $50 | 2.20% |
| $50 - $100 | 1.75% |
| $100 - $200 | 1.30% |
| $200 - $300 | 1.10% |
| $300 - $400 | 1.00% |
| $400 - $500 | 0.90% |
| $500 - $600 | 0.86% |
| $600 - $700 | 0.82% |
| $700 - $800 | 0.78% |
| $800 - $900 | 0.74% |
| $900 + | 0.70% |

For purposes hereof, the term "**Aggregate Consideration**" means (x) the total amount of cash and the fair market value (on the date of payment) of all of the property paid or payable (including amounts paid into escrow) in connection with the Divestiture Transaction, including amounts paid or payable in respect of convertible securities, preferred equity securities, warrants, stock appreciation rights, option or similar rights, whether or not vested, plus (y) the principal amount of all indebtedness for borrowed money or other liabilities of the Company (as defined in the Engagement Letter) or relevant Company entity, as applicable,  as set forth on the most recent balance sheet, or, in case of the sale of assets, all indebtedness for borrowed money or other liabilities assumed by the third party. If the Aggregate Consideration is subject to increase by contingent payments related to future events, the portion of our fee relating thereto shall be calculated by us in good faith subject to the Company's reasonable approval and paid to us upon the Company's receipt of such contingent payments.