**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CHEMTURA CORPORATION, *et al.*,[1] | ) ) ) | Case No. 09-11233 (REG) |
| Debtors. | ) ) ) | Jointly Administered |

**ORDER APPROVING (A) BIDDING
PROCEDURES AND OVERBID PROTECTIONS IN CONNECTION WITH
THE SALE OF CHEMTURA CORPORATION'S POLYVINYL CHLORIDE
ADDITIVES BUSINESS AND RELATED ASSETS, (B) THE FORM AND
MANNER OF NOTICE OF SUCH SALE, (C) SCHEDULING AN AUCTION
AND SALE HEARING AND (D) AUTHORIZING THE DEBTORS TO ENTER INTO
ENHANCED SEVERANCE AGREEMENTS IN CONNECTION WITH THE SALE**

Upon the motion (the "**Motion**"),[2] of Chemtura Corporation (the "**Seller**") and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order: (i) establishing bidding procedures as set forth in Exhibit 1 hereto (the "**Bidding Procedures**") to govern the sale (the "**Sale**") of the Seller's ownership interests in (a) all of the issued and outstanding capital stock (the "**Shares**") of Chemtura Vinyl Additives GmbH, a non-Debtor company organized in accordance with the laws of the Federal Republic of Germany (the "**Acquired Company**") and (b) certain assets (the "**Purchased**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Chemtura Corporation (3153); A&M Cleaning Products, LLC (4712); Aqua Clear Industries, LLC (1394); ASCK, Inc. (4489); ASEPSIS, Inc. (6270); BioLab Company Store, LLC (0131); BioLab Franchise Company, LLC (6709); Bio-Lab, Inc. (8754); BioLab Textile Additives, LLC (4348); CNK Chemical Realty Corporation (5340); Crompton Colors Incorporated (3341); Crompton Holding Corporation (3342); Crompton Monochem, Inc. (3574); GLCC Laurel, LLC (5687); Great Lakes Chemical Corporation (5035); Great Lakes Chemical Global, Inc. (4486); GT Seed Treatment, Inc. (5292); HomeCare Labs, Inc. (5038); ISCI, Inc. (7696); Kem Manufacturing Corporation (0603); Laurel Industries Holdings, Inc. (3635); Monochem, Inc. (5612); Naugatuck Treatment Company (2035); Recreational Water Products, Inc. (8754); Uniroyal Chemical Company Limited (Delaware) (9910); Weber City Road LLC (4381); and WRL of Indiana, Inc. (9136).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Purchase Agreement. To the extent of any inconsistency between this order and the Purchase Agreement, the terms and conditions of the Purchase Agreement shall govern.

**Assets**") relating to the design, manufacture, assembly, marketing, sale and distribution of tin and mixed metal stabilizers and related intermediaries organic based stabilizers, expoxidized soybean oil, liquids phosphate esters, chemical foaming agents and impact modifiers, as engaged in by the Seller at its Taft, Louisiana facility, and by the Acquired Company (the "**Business**"), as such assets are identified in the certain Share and Asset Purchase Agreement, dated December 23, 2009 (the "**Purchase Agreement**"), by and among Seller and SK Atlas, LLC and SK Capital Partners II, LP (SK Atlas, LLC and SK Capital Partners II, LP together, "**SK Capital**" or the "**Purchaser**"), a copy of which is attached hereto as Exhibit 2, (ii) approving certain bid protections and overbid amounts in connection therewith, including, the Breakup Fee (as defined in the Purchase Agreement) and the Reimbursement (as defined in the Purchase Agreement) to be paid to Purchaser pursuant to, and solely to the extent required by, the terms and conditions set forth in the Purchase Agreement, (iii) scheduling an auction to sell the Shares and the Purchased Assets (the "**Auction**"), (iv) scheduling a hearing to approve the sale of the Shares and the Purchased Assets to the Purchaser or the maker of the highest or otherwise best qualifying bid at the Auction in accordance with the Bidding Procedures (the "**Sale Hearing**"), (v) approving the form and manner of notice of the Sale, the Bidding Procedures, the Auction and the Sale Hearing (as described below, respectively, the "**Sale Notice**" and the "**Publication Notice**") and (vi) authorizing the Debtors to enter into and perform under the Enhanced Severance Agreements (as defined in the Motion); and after due deliberation and the Court having determined that the relief requested in the Motion is in the best interests of the Seller, the Debtors and their respective estates,

**THE COURT HEREBY FINDS THAT:**[3]

A. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The bases for the relief requested herein are sections 363(b), 363(f) and (m), 365, 503 and 507 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002(a)(2), 6004(a), (b), (c), (e), (f) and (h), 6006(a), (c) and (d), 9007 and 9014 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), Rules 2014-1, 6004-1 and 6006-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**") and General Order M-331 of the United States Bankruptcy Court for the Southern District of New York.

C. Notice of the Motion, having been given to (i) the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"); (ii) counsel to the statutory committee of unsecured creditors appointed in these chapter 11 cases (the "**Creditors' Committee**"); (iii) counsel to the agent for the Debtors' prepetition and postpetition lenders; (iv) the Internal Revenue Service; (v) the Environmental Protection Agency; (vi) Louisiana Department of Environmental Quality; (vii) the Securities and Exchange Commission; (viii) counsel to the Purchaser; (ix) the counterparties to the Included Contracts; (x) all persons or entities known or reasonably believed to have asserted a Claim in the Shares and/or the Purchased Assets; (xi) all persons or entities known or reasonably believed to have expressed an interest in acquiring the

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Business; and (xii) all parties who have filed notices of appearance and requests for pleadings in these chapter 11 cases.

D.     The Seller has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion, including without limitation: (i) approval of the Bidding Procedures and the Breakup Fee and the Reimbursement subject to the terms and conditions set forth in the Purchase Agreement; (ii) approval of the Assumption Procedures; and (iii) approval and authorization to serve the Sale Notice.

E.     The Breakup Fee and the Reimbursement to be paid under the circumstances described herein and in the Purchase Agreement to the Purchaser are (i) an actual and necessary cost and expense of preserving the Seller's estate, within the meaning of sections 503(b) and 507(a)(2) of the Bankruptcy Code, (ii) commensurate to the real and substantial benefit conferred upon Seller's estate by the Purchaser, including, without limitation, the assumption by the Purchaser of certain liabilities pursuant to the terms of the Purchase Agreement, (iii) reasonable and appropriate, in light of the size and nature of the proposed sale transaction and comparable transactions, the commitments that have been made and the efforts that have been and will be expended by the Purchaser and (iv) necessary to induce the Purchaser to continue to pursue the sale transaction contemplated in the Purchase Agreement and to continue to be bound by the Purchase Agreement.

F.     The Seller's agreement to provide the Breakup Fee and the Reimbursement also induced the Purchaser to submit a bid that will serve as a minimum floor bid on which the Seller, its creditors and other bidders may rely.  The Purchaser has provided a material benefit to the Seller and its creditors by increasing the likelihood that the best possible price for the Acquired Company and the Purchased Assets will be received.  Accordingly, the Breakup Fee and the

Reimbursement are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Seller's estate.

G. The Sale Notice and the Publication Notice are reasonably calculated to provide all interested parties with timely and proper notice of the Sale, the Sale Hearing and the Auction.

H. The Assumption Procedures are reasonably calculated to provide all interested parties with timely and proper notice of the assumption of the Included Contracts pursuant to the Sale.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. The Bidding Procedures attached hereto as <u>Exhibit 1</u> are hereby approved and incorporated herein by reference. The Seller is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled.

3. The Sale Notice, substantially in the form attached hereto as <u>Exhibit 3</u> is hereby approved and shall be served within five (5) business days of entry of this Order, upon (a) the U.S. Trustee; (b) counsel to any statutory committee appointed in these chapter 11 cases (each, a "**Committee**"); (c) counsel to the agent for the Debtors' prepetition and postpetition lenders; (d) the Internal Revenue Service; (e) the Environmental Protection Agency; (f) Louisiana Department of Environmental Quality; (g) the Securities and Exchange Commission; (h) counsel to the Purchaser; (i) the counterparties to the Included Contracts; (j) all persons or entities known or reasonably believed to have asserted an interest in the Shares of the Acquired Company and/or the Purchased Assets; (k) all persons or entities known or reasonably believed to have expressed an

interest in acquiring the Business; and (l) all parties who have filed notices of appearance and requests for pleadings in these chapter 11 cases

4.     On or before ten (10) business days of entry of this Order, the Seller shall publish the Publication Notice, substantially in the form attach hereto as <u>Exhibit 4</u>, in the National Edition of *The Wall Street Journal*.

5.     As further described in the Bidding Procedures, the Seller shall conduct the Auction on **February 22, 2010 at 9:00 a.m. (prevailing Eastern time)** if a Qualifying Bid (as defined in the Bidding Procedures) is timely received.

6.     The Breakup Fee, in the total amount of $500,000, and the Reimbursement calculated as the lesser of (a) reasonable actual and documented third-party expenses incurred by the Purchaser in connection with the Sale or (b) $750,000, are hereby approved solely in accordance with the terms and conditions set forth in the Purchase Agreement.

7.     If the Purchaser becomes entitled to receive the Breakup Fee and/or the Reimbursement in accordance with the terms described in the Purchase Agreement, then the Purchaser shall be, and hereby is, granted an allowed administrative claim in the Seller's chapter 11 case, in an amount equal to the Breakup Fee and/or the Reimbursement, and such Breakup Fee and/or Reimbursement shall be paid without further order of this Court in the event that the Purchaser becomes entitled to receive the Breakup Fee and/or Reimbursement in accordance with, and solely to the extent required by, the terms and conditions set forth in the Purchase Agreement.

8.     The Purchaser's right upon a termination of the Purchase Agreement to recover the Deposit Amount and to payment of the Breakup Fee and/or the Reimbursement shall be limited pursuant to the terms of the Purchase Agreement, including, but not limited to section 7(c)

thereof.  In no event shall the Seller have any liability to the Purchaser or its Affiliates in excess of the Breakup Fee, the Reimbursement and the Deposit Amount in the event that the Purchase Agreement is terminated, and any claim, right or cause of action by the Purchaser against the Seller or its respective Affiliates for any termination of the Purchase Agreement in excess of the Breakup Fee and the Reimbursement and the Deposit Amount is hereby fully waived, released and forever discharged.

9. In the event of a termination of the Purchase Agreement pursuant to which the Seller becomes entitled to the retain the Deposit Amount, Purchaser's liability to Seller shall be limited pursuant to the terms of the Purchase Agreement, including, but not limited to section 7(c)(iii) thereof.

10. As soon as practicable after entry of this order, but in no event later than five business days after the entry of this order, the Seller will serve the notice with respect to the assumption and assignment of certain executory contracts (the "**Contract Notice**") on the counterparties to the Included Contracts, each Committee and the U.S. Trustee.  The Contract Notice will contain the following information (a) the title of the Included Contract to be assumed, (b) the name of the counterparty to the Included Contract, (c) any applicable Cure Costs (as defined in the Purchase Agreement), (d) the identity of the proposed assignee and (e) the deadline by which any such Included Contract counterparty must object.  The Contract Notice, substantially in the form attached hereto as Exhibit 5 is hereby approved.

11. Objections to the proposed Cure Costs and adequate assurance of future performance of obligations to counterparties to the Included Contracts must: (a) be in writing, (b) set forth the nature of the objector's claims against or interests in the Seller's estates, and the basis for the objection and the specific grounds therefore, (c) comply with the Bankruptcy Rules

and the Local Bankruptcy Rules and Orders of this Court, and (d) be filed with the Court and served upon the Seller, the Purchaser, each Committee and the U.S. Trustee, so as to be received no later than **February 16, 2010 at 4:00 p.m. (prevailing Eastern time)**.

12. Any counterparty to an Included Contract who does not file an objection to the assumption and assignment of such Included Contract will be deemed to have waived and released any right to assert an objection to the assumption and assignment of any Included Contract and to have otherwise consented to such assumption and assignment and such Cure Costs and will be forever barred and estopped from asserting or claiming against the Seller or the Purchaser (or the Successful Bidder or any other assignee of the relevant Included Contract) that any additional amounts are due or conditions to assumption and assignment must be satisfied under such Included Contract for the period prior to the date of the Sale Hearing, absent any subsequent defaults by the Purchaser.

13. A properly filed and served objection to a Contract Notice will reserve such objecting party's rights against the Seller with respect to the relevant cure objection, but will not constitute an objection to the remaining relief requested in the motion.

14. No person or entity other than the Purchaser shall, pursuant to the Bidding Procedures or otherwise, be entitled to any expense reimbursement, break-up fees, "topping," termination or other similar fee or payment in connection with the sale of the Shares or the Purchased Assets pursuant to the terms of this Order.

15. The Sale Hearing will be conducted on **February 23, 2010 at 9:45 a.m. (prevailing Eastern time)** before the Honorable Robert E. Gerber of the Bankruptcy Court, Alexander Hamilton Custom House, Room 621, One Bowling Green, New York, New York. At the Sale Hearing, the Seller will seek the entry of an order of this Court approving and authorizing

the Sale to the Purchaser or the maker of the highest or otherwise best offer determined at the Auction pursuant to the Bidding Procedures, as applicable. The Sale Hearing may be adjourned or rescheduled without notice other than by an announcement of the adjourned date at the Sale Hearing.

16. Objections, if any, to the relief requested at the Sale Hearing must comply with the Bankruptcy Rules and the Local Rules, and shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, on a 3.5 inch disk, in text-searchable Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (in either case, with a hard-copy delivered directly to Chambers) and shall be served upon: (a) counsel to the Debtors, 601 Lexington Avenue, New York, New York, 10022, Attn: M. Natasha Labovitz; (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Susan Golden, Esq.; (c) counsel to the statutory committee of unsecured creditors appointed in these chapter 11 cases, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036, Attn: Philip C. Dublin, Esq.; (d) proposed counsel to the statutory committee of equity security holders appointed in these chapter 11 cases, Skadden Arps Slate Meagher & Flom LLP & Affiliates, Four Times Square, New York, NY 10036, Attn: David M. Turetsky, Esq.; (e) counsel to the agent for the Debtors' postpetition and prepetition secured lenders, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York, 10022, Attn: Fred Sosnick, Esq.; (f) the Internal Revenue Service and the Environmental Protection Agency, Assistant United States Attorney, Southern District of New York, 86 Chambers St. 3rd Floor, New York, New York

10007, Attn: Matthew L. Schwartz, Esq.; (g) the Securities and Exchange Commission, New York Regional Office, 233 Broadway, New York, New York 10279, Attn: Nathan M. Fuchs, Esq.; (h) SK Atlas, LLC and SK Capital Partners II, 400 Park Avenue, Suite 810, New York, New York 1022; (i) Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, New York, 10178-0060, Attn: Neil E. Herman, Esq.; and (j) all those persons and entities that have formally requested notice by filing a written request for notice, pursuant to Bankruptcy Rule 2002 and the Local Bankruptcy Rules, so as to be actually received **no later than February 16, 2010 at 4:00 p.m. (prevailing Eastern time)**.

17. The Debtors are authorized, but not directed, to enter into and perform under the Enhanced Severance Agreements.

18. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

19. The requirement set forth in Local Rule 9013-1(b) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

20. This Court shall retain jurisdiction to resolve any dispute relating to the interpretation of the terms and conditions of the Purchase Agreement and this Order. To the extent any provisions of this Order shall be inconsistent with the Motion, the terms of this Order shall control.

| | |
|---|---|
| New York, New York<br>Date: ***January 14, 2010*** | *s/ **Robert E. Gerber***<br>Honorable Robert E. Gerber<br>United States Bankruptcy Judge |