

Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500
212-319-7125  212-644-6755 Fax
www.caplindrysdale.com

212-319-8797 Direct
rct@capdale.com

February 9, 2010

*VIA COURIER*

The Honorable Deborah A. Batts
United States District Court
 for the Southern District of New York
500 Pearl Street, Room 2510
New York, New York 10007

    Re:    In re Chemtura Corporation, *et al.*, Misc. Docket No. M47,
             Bankruptcy Case No. 09-11233 (REG)

Dear Judge Batts:

        On behalf of Karen Smith and certain other diacetyl claimants (hereinafter, "**Diacetyl Claimants**"), I write in response to the letter of February 5, 2010, from Mark R. Ter Molen, counsel to Chemtura Corporation ("**Chemtura**"), to Your Honor, regarding Chemtura's motion to transfer certain diacetyl-related claims pending against Chemtura, Chemtura Canada, and Citrus to this Court. In his letter, Mr. Ter Molen sought "the Court's guidance for how best to resolve two issues that have arisen in light of" the Court's order of January 22, 2010, granting Chemtura's motion to transfer ("**Transfer Order**"). With respect to those issues, the Diacetyl Claimants' positions are as follows:

<u>Additional cases commenced after the filing of Chemtura's motion to transfer</u>

        The Diacetyl Claimants oppose the extension of the Transfer Order to certain "additional cases" naming Chemtura Canada and/or Citrus as defendants, which are identified on Exhibit A to Mr. Ter Molen's letter.[1] For the reasons stated in the Smith Claimants' brief opposing the motion to transfer, filed on September 8, 2009, this Court lacks subject-matter to order the transfer of claims against Chemtura Canada and Citrus. And, as explained more

---

[1] Some of the Diacetyl Claimants such as Lindal and Lisa Anderson, and Marc and Margie Levey, are plaintiffs in these "additional cases."



fully in that opposition brief, this Court cannot transfer claims pending against non-debtors under 28 U.S.C. § 157(b)(5) because that statute applies only to claims against the debtor or its bankruptcy estate. The Diacetyl Claimants reserve the right to seek reconsideration or modification of, and/or to appeal, any decision of this Court to extend the Transfer Order to these "additional cases."

## Scope of matters transferred

Although the Diacetyl Claimants take exception to the Transfer Order, and thus reserve their rights to seek reconsideration or modification of, and/or to appeal, the Transfer Order, they agree with Chemtura that the Transfer Order applies only to claims against Chemtura, Chemtura Canada, and/or Citrus that were identified originally in Chemtura's motion to transfer. Among other things, the scope of Chemtura's motion to transfer was limited to such claims, and there is no evidence in the record that would support the application of the Transfer Order to claims against any other defendant. Because various parties and some courts have expressed uncertainty as to the scope of Your Honor's transfer ruling, this Court should clarify its ruling so that the Transfer Order applies only to the claims pending against Chemtura, Chemtura Canada, and Citrus that were identified originally in Chemtura's motion to transfer.

Respectfully,

Rita C. Tobin

cc: All counsel identified on the attached service list (via e-mail).