Hearing Date: June 17, 2010 at 9:45 a.m. (ET)
Response Deadline: June 10, 2010 at 4:00 p.m. (ET)

Richard M. Cieri
M. Natasha Labovitz
Craig A. Bruens
Brian T. Stansbury
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| CHEMTURA CORPORATION, *et al.*,[1] | ) Case No. 09-11233 (REG) |
| Debtors. | ) Jointly Administered |

**NOTICE OF HEARING ON DEBTOR GREAT LAKES CHEMICAL CORPORATION'S OBJECTION PURSUANT TO SECTION 502(E)(1)(B) OF THE BANKRUPTCY CODE TO CLAIM OF BKK JOINT DEFENSE GROUP (PROOF OF CLAIM NUMBER 11798)**

PLEASE TAKE NOTICE OF THE FOLLOWING:

Chemtura Corporation and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") have filed Debtor Great Lakes Chemical Corporation's Objection pursuant to Section 502(e)(1)(B) of the Bankruptcy Code to Claim of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Chemtura Corporation (3153); A&M Cleaning Products, LLC (4712); Aqua Clear Industries, LLC (1394); ASCK, Inc. (4489); ASEPSIS, Inc. (6270); BioLab Company Store, LLC (0131); BioLab Franchise Company, LLC (6709); Bio-Lab, Inc. (8754); BioLab Textile Additives, LLC (4348); CNK Chemical Realty Corporation (5340); Crompton Colors Incorporated (3341); Crompton Holding Corporation (3342); Crompton Monochem, Inc. (3574); GLCC Laurel, LLC (5687); Great Lakes Chemical Corporation (5035); Great Lakes Chemical Global, Inc. (4486); GT Seed Treatment, Inc. (5292); HomeCare Labs, Inc. (5038); ISCI, Inc. (7696); Kem Manufacturing Corporation (0603); Laurel Industries Holdings, Inc. (3635); Monochem, Inc. (5612); Naugatuck Treatment Company (2035); Recreational Water Products, Inc. (8754); Uniroyal Chemical Company Limited (Delaware) (9910); Weber City Road LLC (4381); and WRL of Indiana, Inc. (9136).

BKK Joint Defense Group (the "**Objection**") and hereby provide you with this notice of the Objection pursuant to the *Order Establishing Procedures for Objections to Claims,* dated January 20, 2010 [Docket No. 1785] (the "**Objection Procedures Order**") entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

Responses, if any, to the Objection must be in writing and conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Objection Procedures Order.  Responses should be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, on a 3.5 inch disk, in text-searchable Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (in either case, with a hard-copy delivered directly to Chambers), and shall be served upon (a) the undersigned counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022; (fax) (212) 446-6460, Attn: Aileen Ma; (b) counsel to the statutory committee of unsecured creditors appointed in these chapter 11 cases, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Meredith Lahaie; (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Susan Golden, Esq.; (d) proposed counsel to the statutory committee of equity security holders appointed in these chapter 11 cases, Skadden Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Attn: Jay Goffman, Esq. and David Turetsky, Esq.; (e) counsel to the agent for the Debtors' postpetition and prepetition secured lenders, Shearman & Sterling LLP, 599 Lexington Avenue, New York,

New York, 10022, Attn: Fred Sosnick, Esq.; (f) the Internal Revenue Service and the Environmental Protection Agency, Assistant United States Attorney, Southern District of New York, 86 Chambers St. 3rd Floor, New York, New York, 10007, Attn: Lawrence H. Fogelman; (g) the Trustee for the 2016 Corporate Notes, U.S. Bank National Association, Corporate Trust Services, 60 Livingston Avenue, St. Paul, Minnesota 55107, Attn: Cindy Woodward; (h) the Trustee for the 2009 Corporate Notes, The Bank of New York Mellon Trust Company, 6525 West Campus Oval Road, Suite 200, New Albany, Ohio 43054, Attn: Donna Parisi; (i) the Trustee for the Corporate 2026 Debentures, Manufacturers & Traders Trust Co., 25 South Charles Street, 16th Floor, Baltimore, Maryland 21201, Attn: Robert D. Brown; and (j) all those persons and entities that have formally requested notice pursuant to Bankruptcy Rule 2002 and the Local Bankruptcy Rules, so as to be actually received **no later than June 10, 2010 at 4:00 p.m. (prevailing Eastern Time)** (the "**Response Deadline**").  Only those responses that are timely filed, served and received will be considered at the Hearing (as defined below).  Failure to file a timely response may result in entry of a final order granting the relief in the Objection as requested by the Debtors.

A hearing (the "**Hearing**") on the Objection shall be held on **June 17, 2010 at 9:45 a.m.** before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York, 10004.  You must attend the Hearing if you disagree with the relief requested in the Objection and have filed a response.  If a response is not timely filed and served with respect to the Objection, the Court may enter an order granting the relief requested in the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Copies of the Objection may be obtained from the Court's website, http://ecf.nysb.uscourts.gov or, without charge, from the website of the Debtors' claims and noticing agent at www.kccllc.net/chemtura.

Nothing in this Notice or the accompanying Objection constitutes a waiver of any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions, or any other bankruptcy claims against you.  All parties reserve the right to assert additional objections to your proof(s) of claim.

| | |
|---|---|
| New York, New York<br>Dated:  May 27, 2010 | /s/ M. Natasha Labovitz<br>M. Natasha Labovitz<br>Richard M. Cieri<br>Craig A. Bruens<br>Brian T. Stansbury<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York  10022-4611<br>Telephone:    (212) 446-4800<br>Facsimile:     (212) 446-4900<br><br>Counsel to the Debtors<br>and Debtors in Possession |

**Hearing Date and Time: June 17, 2010 at 9:45 a.m. (prevailing Eastern time)**
**Response Deadline: June 10, 2010 at 4:00 p.m. (prevailing Eastern time)**

Richard M. Cieri
M. Natasha Labovitz
Craig A. Bruens
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

David J. Zott, P.C.
Brian T. Stansbury
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CHEMTURA CORPORATION, *et al.*,[1] | ) Case No. 09-11233 (REG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Chemtura Corporation (3153); A&M Cleaning Products, LLC (4712); Aqua Clear Industries, LLC (1394); ASCK, Inc. (4489); ASEPSIS, Inc. (6270); BioLab Company Store, LLC (0131); BioLab Franchise Company, LLC (6709); Bio-Lab, Inc. (8754); BioLab Textile Additives, LLC (4348); CNK Chemical Realty Corporation (5340); Crompton Colors Incorporated (3341); Crompton Holding Corporation (3342); Crompton Monochem, Inc. (3574); GLCC Laurel, LLC (5687); Great Lakes Chemical Corporation (5035); Great Lakes Chemical Global, Inc. (4486); GT Seed Treatment, Inc. (5292); HomeCare Labs, Inc. (5038); ISCI, Inc. (7696); Kem Manufacturing Corporation (0603); Laurel Industries Holdings, Inc. (3635); Monochem, Inc. (5612); Naugatuck Treatment Company (2035); Recreational Water Products, Inc. (8754); Uniroyal Chemical Company Limited (Delaware) (9910); Weber City Road LLC (4381); and WRL of Indiana, Inc. (9136).

**DEBTOR GREAT LAKES CHEMICAL CORPORATION'S OBJECTION PURSUANT TO SECTION 502(e)(1)(B) OF THE BANKRUPTCY CODE TO CLAIM OF BKK JOINT DEFENSE GROUP (PROOF OF CLAIM NUMBER 11798)**

Great Lakes Chemical Corporation and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") hereby object to the proof of claim filed by BKK Joint Defense Group (proof of claim no. 11798) (the "**Claim**"). The Claim is a claim for reimbursement or contribution which is contingent, and pursuant to section 502(e)(1)(B) of title 11 of the United States Code (the "**Bankruptcy Code**") should be disallowed. In support of this Objection, the Debtors respectfully represent as follows:

### JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The basis for the relief requested is section 502(e)(1)(B) of the Bankruptcy Code.

### FACTS RELEVANT TO THIS OBJECTION

2. The Claim subject to this Objection was filed by the October 30, 2009 bar date established by the Court in these chapter 11 cases. *See* Docket No. 992.

3. The proofs of claim filed by the California Department of Toxic Substances Control (proof of claim nos. 11493, 11546, 11552, 11659, 11665, and 11724), which are referenced as the "primary claims" in the Memorandum of Law and Appendix, and to which the Debtors are not objecting herein, also were filed by the October 30, 2009 bar date.

4. The facts and exhibits relevant to this Objection, including copies of the "primary" and "secondary" proofs of claims referenced in the Memorandum of Law, are contained in Tab B of the Appendix.

## RELIEF REQUESTED

5. By this Objection, the Debtors object to the Claim, pursuant to section 502(e)(1)(B) of the Bankruptcy Code and, for the reasons described below and in the Memorandum of Law and Appendix accompanying this Objection, request that the Court enter an order, substantially in the form annexed hereto, disallowing the Claim.

## BASIS FOR RELIEF

6. Section 502(e)(1)(B) of the Bankruptcy Code provides:

> [T]he court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor to the extent that—
>
> (B) such claim for reimbursement or contribution is contingent as of the time of the allowance or disallowance of such claim for reimbursement or contribution.

7. Courts apply a three-part test to determine disallowance under § 502(e)(1)(B): (1) "the claim must be for reimbursement or contribution"; (2) "the party asserting the claim must be 'liable with the debtor' on the claim"; and (3) "the claim must be contingent at the time of its allowance or disallowance." *In re Alper Holdings USA*, No. 07-12148, 2008 W.L. 4186333, at *4 (Bankr. S.D.N.Y. Sept. 10, 2008) (quoting *In re GCO, LLC*, 324 B.R. 459, 465 (Bankr. S.D.N.Y. 2005); *In re Drexel Burnham Lambert Group Inc.,* 148 B.R. 982, 985 (Bankr. S.D.N.Y. 1992).

8. For the reasons set forth in the Memorandum of Law, as well as Tab B of the Appendix, all or portions of the Claim meet the criteria for disallowance and therefore must be disallowed pursuant to section 502(e)(1)(B) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

9. By filing this Objection, the Debtors do not waive, and hereby expressly preserve, their rights to supplement or amend this Objection, or to file further objections, to assert other

3

grounds for objecting to the Claim, including the grounds that the Claim was filed against a debtor entity that is not liable to the claimant. Further, the Debtors do not waive the right to file objections to other claims on any grounds.

## **NOTICE**

10. The Debtors have provided notice of this Objection to: (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the statutory committee of unsecured creditors appointed in these chapter 11 cases; (c) counsel to the agent for the Debtors' postpetition and prepetition secured lenders; (d) proposed counsel to the statutory committee of equity security holders appointed in these chapter 11 cases; (e) the holder of the Claim; (f) United States of America on behalf of United States Environmental Protection Agency; (g) Connecticut Commissioner of Environmental Protection; and (h) all persons and entities that have formally requested notice by filing a written request for notice pursuant to Bankruptcy Rule 2002 and the Local Bankruptcy Rules. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order disallowing the Claim and (b) grant such other and further relief as is just and proper.

New York, New York  　　　　　　　　　　　*/s/ David J. Zott, P.C.*
Dated: May 27, 2010  　　　　　　　　　　　Richard M. Cieri
　　　　　　　　　　　　　　　　　　　　　M. Natasha Labovitz
　　　　　　　　　　　　　　　　　　　　　Craig A. Bruens

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

David J. Zott, P.C.
Brian T. Stansbury
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Telephone:  (312) 862-2000
Facsimile:   (312) 862-2200

Counsel to Debtors and Debtors-in-Possession

5

**Hearing Date and Time: June 17, 2010 at 9:45 a.m. (prevailing Eastern time)**
**Response Deadline: June 10, 2010 at 4:00 p.m. (prevailing Eastern time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>CHEMTURA CORPORATION, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 09-11233 (REG)<br>)<br>) Jointly Administered<br>) |

**ORDER DISALLOWING IN THEIR ENTIRETY ALL CONTINGENT CLAIMS**
**ASSERTED IN PROOF OF CLAIM NO. 11798 FILED BY**
<u>**BKK JOINT DEFENSE GROUP**</u>

Upon the Objection of Chemtura Corporation and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502(e)(1)(B) of title 11 of the United States Code (the "**Bankruptcy Code**") seeking entry of an order disallowing the contingent claim of BKK Joint Defense Group, filed against the Debtors and docketed in the claims register kept in this case as proof of claim number 11798; all as more fully described in the Objection and the accompanying *Memorandum of Law in Support of Debtors' Objections Pursuant to Section 502(e)(1)(B) of the Bankruptcy Code to Certain Creditors' Proofs of Claim* and its Appendix ("**Memorandum of Law**"); and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Chemtura Corporation (3153); A&M Cleaning Products, LLC (4712); Aqua Clear Industries, LLC (1394); ASCK, Inc. (4489); ASEPSIS, Inc. (6270); BioLab Company Store, LLC (0131); BioLab Franchise Company, LLC (6709); Bio-Lab, Inc. (8754); BioLab Textile Additives, LLC (4348); CNK Chemical Realty Corporation (5340); Crompton Colors Incorporated (3341); Crompton Holding Corporation (3342); Crompton Monochem, Inc. (3574); GLCC Laurel, LLC (5687); Great Lakes Chemical Corporation (5035); Great Lakes Chemical Global, Inc. (4486); GT Seed Treatment, Inc. (5292); HomeCare Labs, Inc. (5038); ISCI, Inc. (7696); Kem Manufacturing Corporation (0603); Laurel Industries Holdings, Inc. (3635); Monochem, Inc. (5612); Naugatuck Treatment Company (2035); Recreational Water Products, Inc. (8754); Uniroyal Chemical Company Limited (Delaware) (9910); Weber City Road LLC (4381); and WRL of Indiana, Inc. (9136).

§§ 1408 and 1409; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and the relief requested being in the best interest of the Debtors and their estates and creditors; and the Court having reviewed the Objection and having heard the statements in support of the relief requested therein at the hearing before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Objection, the Memorandum of Law, and at the Hearing establish just cause for the relief granted herein and that the proof of claim asserts claims that are contingent because they are premised on contribution for or reimbursement of costs that have not and may never be incurred by the Claimant (the "**Contingent Claim(s)**") and may also assert claims premised on other bases (the "**Other Claim(s)**"); and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is **ORDERED** that:

1. The Objection is granted.

2. The proof of claim of BKK Joint Defense Group, proof of claim number 11798, is disallowed to the entire extent of the Contingent Claims pursuant to 11 U.S.C. § 502(e)(1)(B).

3. To the extent the proof of claim asserts Other Claims, any objection to the Other Claims is not impaired by this Order, and the Debtors may, and hereby are authorized to, object to the Other Claims for any reason and to modify, amend, or supplement, the Objection (if necessary) as a result.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

New York, New York
Dated: _____, 2010

        Honorable Robert E. Gerber
        United States Bankruptcy Judge

3