**<u>Tab 5 BKK Ex. 5</u>**

#11665

ORIGINAL

B 10 (Official Form 10) (12/08 Modified CEM)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**In re Chemtura Corporation, et al., Case No. 09-11233 (REG) (Jointly Administered)**

| Name of Debtor: Great Lakes Chemical Corporation | Case Number: 09-11247 (REG) |
|---|---|

NOTE: *This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

California Department of Toxic Substances Control
P.O. Box 806
Sacramento, CA 95812-0806

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
*(If known)*

Filed on:_____

If address and name different from above, please provide the name and address where notices should be sent:

Creditor Name: Thomas G. Heller, Deputy Attorney General

Address: California Dept. of Justice, 300 S. Spring St. #1702

City/State/ZIP Los Angeles/CA/90013

Attorney for Creditor

Telephone number: (213) 897-2628

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**

$ See attached statement (Unsecured) $_____ (Secured) $_____ (Priority) $_____ See attached statement (Total)

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Environmental Response Costs (see attached supplemental statement)
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:**_____

**3a.** Debtor may have scheduled account as:_____
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

**Value of Property:** $_____ **Annual Interest Rate** ___%

**Amount of arrearage and other charges as of time case filed included in secured claim, if any:** $_____ **Basis for perfection:**_____

**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a) or 11 U.S.C. § 503(b)(9). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. If the supporting documents are not available, please explain. If the documents are voluminous, attach a summary. *(See definition of "redacted" on reverse side.)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

**Date:** 10/29/09

**Signature:** the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Thomas G. Heller, Deputy Attorney General

FOR COURT USE ONLY

RECEIVED
OCT 30 2009
KURTZMAN CARSON CONSULTANTS

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

☐ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

1 of 3

0911247091030000000000002

**EDMUND G. BROWN JR.**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

300 SOUTH SPRING STREET, SUITE 1702
LOS ANGELES, CA  90013

Public:  (213) 897-2000
Telephone:  (213) 897-2628
Facsimile:  (213) 897-2802
E-Mail:  Thomas.Heller@doj.ca.gov

October 29, 2009

**VIA OVERNIGHT DELIVERY**

Chemtura Claims Processing Center
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

RE:  Proofs of claim - *In re Chemtura Corporation*, No. 09-11233 (REG); *In re Great Lakes Chemical Corporation*, No. 09-11247 (REG); *In re Great Lakes Chemical Global, Inc.*, No. 09-11249(REG); In *re ISCI, Inc.*, No. 09-11252 (REG); *In re Uniroyal Chemical Company Limited (Delaware)*, No. 09-11258 (REG); United States Bankruptcy Court, Southern District of New York

Dear Sir or Madam:

Enclosed for filing are five proofs of claim of the California Department of Toxic Substances Control, one in each of the above five bankruptcy cases.

Also enclosed are copies of the proofs of claim to conform.

Please file each original proof of claim in the bankruptcy case specified on the proof of claim, conform the copies, and return the conformed copies to me in the enclosed pre-paid envelope.

Chemtura Claims Processing Center
c/o Kurtzman Carson Consultants LLC
October 29, 2009
Page 2


       Thank you for your assistance.  Please contact me at (213) 897-2628 if you have questions.


                                  Sincerely,

                                    THOMAS G. HELLER
                                    Deputy Attorney General

                   For      EDMUND G. BROWN JR.
                                    Attorney General


TGH:cc

Enclosures

LA2009603308
60485543.doc

1  EDMUND G. BROWN JR.
   Attorney General of California
2  MARGARITA PADILLA
   Supervising Deputy Attorney General
3  THOMAS G. HELLER (admitted pro hac vice)
   Deputy Attorney General
4  CA State Bar No. 162561
     300 South Spring Street, Suite 1702
5    Los Angeles, CA  90013
     Telephone:  (213) 897-2628
6    Fax:  (213) 897-2802
     E-mail:  Thomas.Heller@doj.ca.gov
7  *Attorneys for the California Department of Toxic
   Substances Control*
8

9              IN THE UNITED STATES BANKRUPTCY COURT

10             FOR THE SOUTHERN DISTRICT OF NEW YORK

11

12

13
   | **In re:** | CASE NO. 09-11247 (REG) |
14 | | |
   | **GREAT LAKES CHEMICAL** | Chapter 11 |
15 | **CORPORATION,** | |
   | | **SUPPLEMENTAL STATEMENT OF** |
16 | Debtor, | **THE CALIFORNIA DEPARTMENT OF** |
   | | **TOXIC SUBSTANCES CONTROL IN** |
17 | | **SUPPORT OF PROOF OF CLAIM** |
18 | | Judge        Honorable Judge Robert E. |
   | | Gerber |
19

20                      **INTRODUCTION**

21        The California Department of Toxic Substances Control ("DTSC"), by and through its

22  attorney, the Office of the California Attorney General, by Thomas G. Heller, Deputy Attorney

23  General, submits this supplemental statement in support of its Proof of Claim in the bankruptcy

24  proceeding of Debtor, Great Lakes Chemical Corporation ("Debtor").

25        DTSC files this proof of claim to protect its rights to recover environmental response costs

26  in connection with the cleanup of contaminated property and groundwater, at and from a southern

27  California site known as the "BKK Site."  Debtor is liable under applicable environmental laws

28  for the environmental cleanup of the Site.

                                            1

1   During the bankruptcy proceedings, a debtor in possession is required to comply with all

2   valid state and federal environmental laws. 28 U.S.C. § 959(b). Thus, DTSC asserts that by

3   filing this proof of claim, it does not waive its right to take enforcement action against Debtor to

4   ensure compliance with the requirements of environmental laws, regulations, and orders within

5   DTSC's jurisdiction, consistent with the provisions of 11 U.S.C. section 362(b)(4).

6   Based on information presently known to it, DTSC submits a claim for environmental

7   response costs in an unliquidated amount for the BKK Site. DTSC expressly reserves its rights

8   to amend this claim. Nothing in this proof of claim constitutes a waiver of any rights of DTSC or

9   an election of remedies by DTSC.[1]

10   **BACKGROUND**

11   **I.   THE CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL ("DTSC")**

12   DTSC is a California state government agency. DTSC regulates all aspects of hazardous

13   waste management in California, and enforces laws related to the cleanup of hazardous

14   substances in California.

15   **II.   DEBTOR'S LIABILITY TO DTSC UNDER THE HSAA AND CERCLA**

16   The laws that DTSC enforces include California's Hazardous Substances Account Act (the

17   "HSAA"), Cal. Health and Safety Code §§ 25300 et seq. The HSAA establishes a comprehensive

18   program for the cleanup of hazardous substances that have been released, or are threatened to be

19   released, into the environment. Under the HSAA, DTSC may seek recovery of response costs it

20   incurs in connection with such cleanup activities. The HSAA directs DTSC to recover any costs

21   it incurs in connection with such clean up activities from the liable parties. Cal. Health & Safety

22   Code § 25360.

23

---

24   [1] Further, by filing this claim, DTSC does not waive its sovereign immunity, except as otherwise provided by law. DTSC makes this claim for itself and no other agency, unit or entity of the State of California. Any waiver of sovereign immunity under the law resulting from the filing of this claim is by DTSC, and no other agency, unit or entity of the State of California, and is strictly limited to this claim. Further, the filing of this claim shall not be deemed or construed as a waiver of any objections or defenses that DTSC or any other agency, unit or entity of the State of California may have to this Court's jurisdiction over DTSC or such other agency, unit or entity based upon the Eleventh Amendment or related principles of sovereign immunity or otherwise, all of which are hereby preserved.

25

26

27

28

2

1    Under California Health and Safety Code section 25323.5, liable parties are those parties

2    described in section 107 of the federal Superfund statute, the Comprehensive Environmental

3    Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607.  CERCLA section

4    107(a), 42 U.S.C. § 9607(a), makes the following persons liable for all costs of removal or

5    remedial action incurred by DTSC:

6        (1)   the owner and operator of a vessel or a facility;

7        (2)   any person who at the time of disposal of any hazardous substances owned or

8    operated any facility at which such hazardous substances were disposed of;

9        (3)   any person who by contract, agreement, or otherwise arranged for disposal or

10   treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous

11   substances owned or possessed by such person, by any other party or entity, at any facility or

12   incineration vessel owned or operated by another party or entity and containing such hazardous

13   substances; and

14       (4)   any person who accepts or accepted any hazardous substances for transport to

15   disposal or treatment facilities, incineration vessels or sites selected by such person, from which

16   there is a release, or a threatened release which causes the incurrence of response costs, of a

17   hazardous substance.

18       In addition to its authority under the HSAA, DTSC may also bring a cost recovery action

19   against liable parties directly under CERCLA.  *See* 42 U.S.C. § 9607(a).  Under CERCLA, DTSC

20   may recover from liable parties all response costs, including interest, incurred by DTSC in

21   investigating, overseeing and cleaning up sites with releases or threatened releases of hazardous

22   substances.  42 U.S.C. §9607(a).  Under CERCLA and the HSAA, recoverable response costs

23   include, *inter alia*, direct costs, indirect costs, administrative costs, and oversight costs incurred

24   by DTSC in conducting and/or overseeing an environmental cleanup.

25   **III.   DTSC's Claim for the BKK Site**

26       DTSC's claim against Debtor as to the BKK Site is for environmental response costs in an

27   unliquidated amount.  DTSC presently has insufficient information regarding Debtor's liability

28

3

1    regarding this Site to estimate the amount of DTSC's claim against Debtor. DTSC reserves its

2    right to amend this proof of claim when additional information about the Site becomes available.

3        The BKK Site is approximately 583 acres located at 2210 South Azusa Avenue, West

4    Covina, California. The BKK Site contains a closed hazardous waste "Class I Landfill" (i.e. a

5    hazardous waste landfill), a closed "Class III Landfill" (i.e. a municipal solid waste landfill), and

6    related facilities including a leachate treatment plant and gas and leachate collection systems.

7    The Class I Landfill is approximately 190 acres and accepted waste from roughly 1962 to 1987.

8    The Site is named after the BKK Corporation, which is the owner and operator of the Class I and

9    Class III Landfills.

10        More than four million tons of liquid and solid hazardous wastes, and a much larger volume

11    of nonhazardous solid waste (trash), were disposed of at the Class I Landfill. The types of

12    hazardous wastes that were disposed of in the greatest quantities at the BKK Class I Landfill

13    included acid solutions, alkaline solutions, contaminated soil and sand, drilling muds, oil and oil

14    sludge, paint waste, solvents, and tank bottom sediments. These hazardous wastes include known

15    and suspected carcinogens and mutagens that can affect the central nervous system and damage

16    internal organs at low levels if exposure occurs at certain concentration levels and over a certain

17    period of time.

18        The BKK Class I Landfill has no liner system, which means that waste was disposed

19    directly onto the ground, with no barrier between the waste and the native rock. The bedrock is

20    fractured, folded, and faulted, and provides multiple pathways for contaminants to migrate

21    downward and outward beyond the limits of the landfill. Because of these disposal practices,

22    contaminants seeped into the bedrock below the BKK Class I Landfill, and have migrated to

23    groundwater. Volatile organic compounds ("VOCs") have also been detected in soil gas at the

24    BKK Class I Landfill and in ambient air at or near the landfill. In 1984, methane and vinyl

25    chloride were detected in ambient air at concentrations that warranted the evacuation of nearby

26    residences.

27        In October 2004, BKK Corporation stated that it could not continue to conduct post-closure

28    care as it was required by law for the BKK Class I Landfill after November 17, 2004. Thereafter,

4

1    DTSC engaged a contractor to conduct emergency response activities and to operate and maintain

2    the critical equipment and systems on a daily basis.

3        In December 2004, pursuant to its regulatory authority, DTSC issued an "Imminent and

4    Substantial Endangerment Determination and Order and Remedial Action Order" ("ISE Order")

5    to BKK Corporation and 50 other respondents who were alleged to be potentially responsible for

6    conditions at the BKK Site.  The ISE Order required the respondents to conduct operation and

7    maintenance activities at the BKK Class I Landfill and the leachate treatment plant.  Debtor was

8    not a respondent in that order.

9        In 2005, a group of twenty-six entities, most of whom had been respondents to the ISE

10    Order, joined together as the "BKK Working Group" and began reimbursing DTSC for a portion

11    of its response costs.  In March 2006, the United States District Court for the Central District of

12    California entered a Consent Decree between DTSC and the BKK Working Group.  The March

13    2006 Consent Decree required the BKK Working Group to perform certain projects and

14    operations at the BKK Class I Landfill and to pay for certain DTSC response costs.  Debtor was

15    not a party to the Consent Decree.

16        Members of the BKK Working Group and DTSC are currently working on a successor

17    Consent Decree with a term of three years, requiring the BKK Working Group to conduct

18    additional response activities at the BKK Class I Landfill.  DTSC may conduct or compel other

19    additional response actions as well, including actions to address groundwater contamination.

20        The BKK Site is still undergoing investigation, and the full extent of the contamination and

21    associated cleanup costs is not currently known.  Based upon DTSC's current knowledge of the

22    BKK Site, the nature of the hazardous substances released, and other available information,

23    DTSC estimates that the costs of the environmental response actions necessary at the Site will be

24    in excess of $600,000,000.  However, since the investigation at the BKK Site is continuing, and

25    the full extent of the contamination not yet finally determined, the estimated cleanup costs may

26    vary.

27        DTSC has determined that "Great Lakes Chem," doing business in Irvine, California, sent

28    hazardous waste or other hazardous substances to the BKK Site for disposal.  Under CERCLA

5

1    and the HSAA, Debtor is therefore among the potentially responsible parties ("PRPs") at the

2    BKK Site.  DTSC presently has insufficient information regarding Debtor's liability to present an

3    estimate of DTSC's claim against Debtor concerning the Site.  Therefore, DTSC's claim against

4    Debtor as to the Site is for an unliquidated amount.  DTSC expressly reserves its right to amend

5    this proof of claim when additional information about the Site becomes available.

6    **IV.    DOCUMENTS SUPPORTING THIS PROOF OF CLAIM**

7         The documents supporting this proof of claim are voluminous.  Documents pertinent to the

8    Site are available on DTSC's website at www.dtsc.ca.gov at the "EnviroStor" link, which is

9    searchable by site name and city location.

10        DTSC summarizes additional supporting documents as follows.  Copies of these documents

11   can be requested by contacting the undersigned.

12         **1.    DTSC's ISE Order and March 2006 Consent Decree for the Site**

13        These orders summarize the Site's history and environmental conditions as of the time of

14   their entry, and outline the legal obligations of the named respondents/defendants to perform or

15   fund certain environmental work at the Site.

16         **2.    Hazardous Waste Manifests of "Great Lakes Chem" for the Site**

17        These manifests reflect that "Great Lakes Chem," doing business in Irvine, California, sent

18   hazardous wastes or hazardous substances to the Site for disposal.

19         **3.    DTSC's Summary by Activity Reports for the Site**

20        These reports summarize DTSC's oversight work to date at the BKK Site.

21         **4.    DTSC's Site File for the BKK Site**

22        This file contains additional information regarding the necessary cleanup of the Site and

23   attendant costs.

24   **V.    CONTINGENT, UNCERTAIN, OR UNKNOWN CLAIMS**

25        DTSC is informed and believes that Debtor may also be a liable party at an unknown

26   number of yet to be identified sites.  DTSC reserves the right to assert claims against Debtor

27   under CERCLA and/or California law for response costs at other facilities where Debtor is

28   identified as a potentially responsible party.  *See, e.g., In re Jensen*, 995 F.2d 925, 931 (9th Cir.

6

1  1993); *In re Chateaugay Corp.*, 944 F.2d 997, 1005 (2nd Cir. 1991).  Accordingly, DTSC

2  reserves the right to assert presently unidentified claims for response costs that DTSC has

3  incurred, or will incur, at sites where there has been a release or threatened release of hazardous

4  substances, and where Debtor may be a responsible party.

5  **VI.    NOTICES**

6      All notices should be sent to the undersigned at the following address:

7
8          Thomas G. Heller, Deputy Attorney General
        California Department of Justice
        300 S. Spring Street, Suite 1702

9          Los Angeles, CA 90013

10
11  Dated:  October 29, 2009         Respectfully submitted,

12          EDMUND G. BROWN JR.
        Attorney General of California

13          MARGARITA PADILLA
        Supervising Deputy Attorney General

14
15
16          THOMAS G. HELLER
        Deputy Attorney General

17          *Attorneys for the California Department of Toxic Substances Control*

18  LA2009603308
60485715.doc

19
20
21
22
23
24
25
26
27
28

7