**Tab 6 BKK Ex. 6**

#11724

B 10 (Official Form 10) (12/08 Modified CEM)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|
| In re Chemtura Corporation, et al., Case No. 09-11233 (REG) (Jointly Administered) | |

**Name of Debtor:** Great Lakes Chemical Global, Inc.   **Case Number:** 09-11249 (REG)

NOTE: *This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

California Department of Toxic Substances Control
P.O. Box 806
Sacramento, CA 95812-0806

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

Filed on: _____

If address and name different from above, please provide the name and address where notices should be sent:
Creditor Name: Thomas G. Heller, Deputy Attorney General
Address: California Dept. of Justice, 300 S. Spring St. #1702
City/State/ZIP: Los Angeles/CA/90013
Attorney for Creditor
Telephone number: (213) 897-2628

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**
$ See attached statement (Unsecured)  $____ (Secured)  $____ (Priority)  $ See attached statement (Total)

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Environmental Response Costs (see attached supplemental statement)
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a.** Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:
Value of Property: $____   Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $____   Basis for perfection: _____
Amount of Secured Claim: $____   Amount Unsecured: $____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a) or 11 U.S.C. § 503(b)(9).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)( ).

Amount entitled to priority:
$ ____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. If the supporting documents are in excess of 100 pages, you may attach a summary of them and a list of each document you have relied upon. You may also attach a summary. *(See definition of "redacted" on reverse side.)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

**Date:** 10/29/09

Signature: the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

_/s/ Thomas G. Heller_
Thomas G. Heller, Deputy Attorney General

FOR RECEIVED
OCT 30 2009
KURTZMANCARSONCONSULTANTS

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

1 of 3


09112490910300000000000001

**EDMUND G. BROWN JR.**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

300 SOUTH SPRING STREET, SUITE 1702
LOS ANGELES, CA 90013

Public:  (213) 897-2000
Telephone:  (213) 897-2628
Facsimile:  (213) 897-2802
E-Mail:  Thomas.Heller@doj.ca.gov

October 29, 2009

**VIA OVERNIGHT DELIVERY**

Chemtura Claims Processing Center
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

RE:  Proofs of claim - *In re Chemtura Corporation*, No. 09-11233 (REG); *In re Great Lakes Chemical Corporation*, No. 09-11247 (REG); *In re Great Lakes Chemical Global, Inc.*, No. 09-11249(REG); In *re ISCI, Inc.*, No. 09-11252 (REG); *In re Uniroyal Chemical Company Limited (Delaware)*, No. 09-11258 (REG); United States Bankruptcy Court, Southern District of New York

Dear Sir or Madam:

Enclosed for filing are five proofs of claim of the California Department of Toxic Substances Control, one in each of the above five bankruptcy cases.

Also enclosed are copies of the proofs of claim to conform.

Please file each original proof of claim in the bankruptcy case specified on the proof of claim, conform the copies, and return the conformed copies to me in the enclosed pre-paid envelope.

Chemtura Claims Processing Center
c/o Kurtzman Carson Consultants LLC
October 29, 2009
Page 2


Thank you for your assistance. Please contact me at (213) 897-2628 if you have questions.

Sincerely,

THOMAS G. HELLER
Deputy Attorney General

For    EDMUND G. BROWN JR.
Attorney General

TGH:cc

Enclosures

LA2009603308
60485543.doc

EDMUND G. BROWN JR.
Attorney General of California
MARGARITA PADILLA
Supervising Deputy Attorney General
THOMAS G. HELLER (admitted pro hac vice)
Deputy Attorney General
CA State Bar No. 162561
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 897-2628
  Fax:  (213) 897-2802
  E-mail:  Thomas.Heller@doj.ca.gov
*Attorneys for the California Department of Toxic Substances Control*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| In re: | CASE NO. 09-11249 (REG) |
|---|---|
| **GREAT LAKES CHEMICAL GLOBAL, INC.,** | Chapter 11 |
| Debtor, | **SUPPLEMENTAL STATEMENT OF THE CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL IN SUPPORT OF PROOF OF CLAIM** |
| | Judge    Honorable Judge Robert E. Gerber |

## INTRODUCTION

The California Department of Toxic Substances Control ("DTSC"), by and through its attorney, the Office of the California Attorney General, by Thomas G. Heller, Deputy Attorney General, submits this supplemental statement in support of its Proof of Claim in the bankruptcy proceeding of Debtor, Great Lakes Chemical Global, Inc. ("Debtor").

DTSC files this proof of claim to protect its rights to recover environmental response costs in connection with the cleanup of contaminated property and groundwater, at and from a southern California site known as the "BKK Site."   Debtor is liable under applicable environmental laws for the environmental cleanup of the Site.

1

During the bankruptcy proceedings, a debtor in possession is required to comply with all valid state and federal environmental laws. 28 U.S.C. § 959(b). Thus, DTSC asserts that by filing this proof of claim, it does not waive its right to take enforcement action against Debtor to ensure compliance with the requirements of environmental laws, regulations, and orders within DTSC's jurisdiction, consistent with the provisions of 11 U.S.C. section 362(b)(4).

Based on information presently known to it, DTSC submits a claim for environmental response costs in an unliquidated amount for the BKK Site. DTSC expressly reserves its rights to amend this claim. Nothing in this proof of claim constitutes a waiver of any rights of DTSC or an election of remedies by DTSC.[1]

## BACKGROUND

### I. THE CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL ("DTSC")

DTSC is a California state government agency. DTSC regulates all aspects of hazardous waste management in California, and enforces laws related to the cleanup of hazardous substances in California.

### II. DEBTOR'S LIABILITY TO DTSC UNDER THE HSAA AND CERCLA

The laws that DTSC enforces include California's Hazardous Substances Account Act (the "HSAA"), Cal. Health and Safety Code §§ 25300 et seq. The HSAA establishes a comprehensive program for the cleanup of hazardous substances that have been released, or are threatened to be released, into the environment. Under the HSAA, DTSC may seek recovery of response costs it incurs in connection with such cleanup activities. The HSAA directs DTSC to recover any costs it incurs in connection with such clean up activities from the liable parties. Cal. Health & Safety Code § 25360.

---

[1] Further, by filing this claim, DTSC does not waive its sovereign immunity, except as otherwise provided by law. DTSC makes this claim for itself and no other agency, unit or entity of the State of California. Any waiver of sovereign immunity under the law resulting from the filing of this claim is by DTSC, and no other agency, unit or entity of the State of California, and is strictly limited to this claim. Further, the filing of this claim shall not be deemed or construed as a waiver of any objections or defenses that DTSC or any other agency, unit or entity of the State of California may have to this Court's jurisdiction over DTSC or such other agency, unit or entity based upon the Eleventh Amendment or related principles of sovereign immunity or otherwise, all of which are hereby preserved.

2

SUPPLEMENTAL STATEMENT OF THE CALIFORNIA DEPARTMENT OF TOXIC
SUBSTANCES CONTROL IN SUPPORT OF PROOF OF CLAIM (09-11249 (REG))

Under California Health and Safety Code section 25323.5, liable parties are those parties described in section 107 of the federal Superfund statute, the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607. CERCLA section 107(a), 42 U.S.C. § 9607(a), makes the following persons liable for all costs of removal or remedial action incurred by DTSC:

(1)  the owner and operator of a vessel or a facility;

(2)  any person who at the time of disposal of any hazardous substances owned or operated any facility at which such hazardous substances were disposed of;

(3)  any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances; and

(4)  any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance.

In addition to its authority under the HSAA, DTSC may also bring a cost recovery action against liable parties directly under CERCLA. *See* 42 U.S.C. § 9607(a). Under CERCLA, DTSC may recover from liable parties all response costs, including interest, incurred by DTSC in investigating, overseeing and cleaning up sites with releases or threatened releases of hazardous substances. 42 U.S.C. §9607(a). Under CERCLA and the HSAA, recoverable response costs include, *inter alia*, direct costs, indirect costs, administrative costs, and oversight costs incurred by DTSC in conducting and/or overseeing an environmental cleanup.

### III. DTSC'S CLAIM FOR THE BKK SITE

DTSC's claim against Debtor as to the BKK Site is for environmental response costs in an unliquidated amount. DTSC presently has insufficient information regarding Debtor's liability

3

regarding this Site to estimate the amount of DTSC's claim against Debtor. DTSC reserves its right to amend this proof of claim when additional information about the Site becomes available.

The BKK Site is approximately 583 acres located at 2210 South Azusa Avenue, West Covina, California. The BKK Site contains a closed hazardous waste "Class I Landfill" (i.e. a hazardous waste landfill), a closed "Class III Landfill" (i.e. a municipal solid waste landfill), and related facilities including a leachate treatment plant and gas and leachate collection systems. The Class I Landfill is approximately 190 acres and accepted waste from roughly 1962 to 1987. The Site is named after the BKK Corporation, which is the owner and operator of the Class I and Class III Landfills.

More than four million tons of liquid and solid hazardous wastes, and a much larger volume of nonhazardous solid waste (trash), were disposed of at the Class I Landfill. The types of hazardous wastes that were disposed of in the greatest quantities at the BKK Class I Landfill included acid solutions, alkaline solutions, contaminated soil and sand, drilling muds, oil and oil sludge, paint waste, solvents, and tank bottom sediments. These hazardous wastes include known and suspected carcinogens and mutagens that can affect the central nervous system and damage internal organs at low levels if exposure occurs at certain concentration levels and over a certain period of time.

The BKK Class I Landfill has no liner system, which means that waste was disposed directly onto the ground, with no barrier between the waste and the native rock. The bedrock is fractured, folded, and faulted, and provides multiple pathways for contaminants to migrate downward and outward beyond the limits of the landfill. Because of these disposal practices, contaminants seeped into the bedrock below the BKK Class I Landfill, and have migrated to groundwater. Volatile organic compounds ("VOCs") have also been detected in soil gas at the BKK Class I Landfill and in ambient air at or near the landfill. In 1984, methane and vinyl chloride were detected in ambient air at concentrations that warranted the evacuation of nearby residences.

In October 2004, BKK Corporation stated that it could not continue to conduct post-closure care as it was required by law for the BKK Class I Landfill after November 17, 2004. Thereafter,

4

1  DTSC engaged a contractor to conduct emergency response activities and to operate and maintain
2  the critical equipment and systems on a daily basis.
3       In December 2004, pursuant to its regulatory authority, DTSC issued an "Imminent and
4  Substantial Endangerment Determination and Order and Remedial Action Order" ("ISE Order")
5  to BKK Corporation and 50 other respondents who were alleged to be potentially responsible for
6  conditions at the BKK Site.  The ISE Order required the respondents to conduct operation and
7  maintenance activities at the BKK Class I Landfill and the leachate treatment plant.  Debtor was
8  not a respondent in that order.
9       In 2005, a group of twenty-six entities, most of whom had been respondents to the ISE
10 Order, joined together as the "BKK Working Group" and began reimbursing DTSC for a portion
11 of its response costs.  In March 2006, the United States District Court for the Central District of
12 California entered a Consent Decree between DTSC and the BKK Working Group.  The March
13 2006 Consent Decree required the BKK Working Group to perform certain projects and
14 operations at the BKK Class I Landfill and to pay for certain DTSC response costs.  Debtor was
15 not a party to the Consent Decree.
16      Members of the BKK Working Group and DTSC are currently working on a successor
17 Consent Decree with a term of three years, requiring the BKK Working Group to conduct
18 additional response activities at the BKK Class I Landfill.  DTSC may conduct or compel other
19 additional response actions as well, including actions to address groundwater contamination.
20      The BKK Site is still undergoing investigation, and the full extent of the contamination and
21 associated cleanup costs is not currently known.  Based upon DTSC's current knowledge of the
22 BKK Site, the nature of the hazardous substances released, and other available information,
23 DTSC estimates that the costs of the environmental response actions necessary at the Site will be
24 in excess of $600,000,000.  However, since the investigation at the BKK Site is continuing, and
25 the full extent of the contamination not yet finally determined, the estimated cleanup costs may
26 vary.
27      DTSC has determined that "Great Lakes Chem," doing business in Irvine, California, sent
28 hazardous waste or other hazardous substances to the BKK Site for disposal.  Under CERCLA

5

and the HSAA, Debtor is therefore among the potentially responsible parties ("PRPs") at the BKK Site. DTSC presently has insufficient information regarding Debtor's liability to present an estimate of DTSC's claim against Debtor concerning the Site. Therefore, DTSC's claim against Debtor as to the Site is for an unliquidated amount. DTSC expressly reserves its right to amend this proof of claim when additional information about the Site becomes available.

IV.   **DOCUMENTS SUPPORTING THIS PROOF OF CLAIM**

The documents supporting this proof of claim are voluminous. Documents pertinent to the Site are available on DTSC's website at www.dtsc.ca.gov at the "EnviroStor" link, which is searchable by site name and city location.

DTSC summarizes additional supporting documents as follows. Copies of these documents can be requested by contacting the undersigned.

1.   **DTSC's ISE Order and March 2006 Consent Decree for the Site**

These orders summarize the Site's history and environmental conditions as of the time of their entry, and outline the legal obligations of the named respondents/defendants to perform or fund certain environmental work at the Site.

2.   **Hazardous Waste Manifests of "Great Lakes Chem" for the Site**

These manifests reflect that "Great Lakes Chem," doing business in Irvine, California, sent hazardous wastes or hazardous substances to the Site for disposal.

3.   **DTSC's Summary by Activity Reports for the Site**

These reports summarize DTSC's oversight work to date at the BKK Site.

4.   **DTSC's Site File for the BKK Site**

This file contains additional information regarding the necessary cleanup of the Site and attendant costs.

V.   **CONTINGENT, UNCERTAIN, OR UNKNOWN CLAIMS**

DTSC is informed and believes that Debtor may also be a liable party at an unknown number of yet to be identified sites. DTSC reserves the right to assert claims against Debtor under CERCLA and/or California law for response costs at other facilities where Debtor is identified as a potentially responsible party. *See, e.g., In re Jensen*, 995 F.2d 925, 931 (9th Cir.

6

1993); *In re Chateaugay Corp.*, 944 F.2d 997, 1005 (2nd Cir. 1991). Accordingly, DTSC reserves the right to assert presently unidentified claims for response costs that DTSC has incurred, or will incur, at sites where there has been a release or threatened release of hazardous substances, and where Debtor may be a responsible party.

## VI. NOTICES

All notices should be sent to the undersigned at the following address:

>   Thomas G. Heller, Deputy Attorney General
>   California Department of Justice
>   300 S. Spring Street, Suite 1702
>   Los Angeles, CA 90013

Dated: October 29, 2009

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
MARGARITA PADILLA
Supervising Deputy Attorney General

THOMAS G. HELLER
Deputy Attorney General
*Attorneys for the California Department of Toxic Substances Control*

LA2009603308
60485714.doc

7

SUPPLEMENTAL STATEMENT OF THE CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL IN SUPPORT OF PROOF OF CLAIM (09-11249 (REG))