**DUANE MORRIS LLP**
**1540 Broadway**
**New York, New York 10036-4086**
**(212) 692-1000**
**(212) 692-1020 (facsimile)**
**Gerard S. Catalanello, Esq.**
**James J. Vincequerra, Esq.**
gcatalanello@duanemorris.com
jvincequerra@duanemorris.com
*Conflicts Counsel to the Debtors and Debtors-in-Possession*

**Presentment Date: July 13, 2010 at 12:00 pm.**
**Objection Deadline:  July 9, 2010 at 4:00 p.m.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| **In re:** | : | **Case No. 09-11233 (REG)** |
|  | : |  |
|  | : | **Chapter 11** |
| **CHEMTURA CORPORATION, et al.,** | : | **(Jointly Administered)** |
|  | : |  |
| **Debtors.** | : |  |
|  | : |  |

**NOTICE OF PRESENTMENT OF STIPULATION**
**AND ORDER RESOLVING THE AMENDED MOTION OF**
**SAP AMERICA, INC. FOR ALLOWANCE AND IMMEDIATE PAYMENT OF AN**
**ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO §§503(B)(1)(A) AND 507(A)(2)**

PLEASE TAKE NOTICE that the undersigned counsel for Chemtura Corporation and its

affiliated debtors and debtors in possession in the above-captioned, jointly administered chapter

11 cases (collectively, the "Debtors") intend to present to the Honorable Robert E. Gerber,

United States Bankruptcy Judge, for signature on July 13, 2010 at 12:00 p.m. (ET), the attached

proposed Stipulation and Order Between Chemtura Corporation and SAP America, Inc. ("SAP")

Resolving the Amended Motion of SAP America, Inc. for Allowance and Immediate Payment of

an Administrative Expense Claim Pursuant to §§503(B)(1)(A) and 507(a)(2) (the "Stipulation

and Order").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the proposed Stipulation

and Order must be made in writing and received in the Bankruptcy Judge's chambers and by the

undersigned not later than 4:00 p.m. on July 9, 2010.  Unless objections are received by that time, the Stipulation and Order may be signed.

PLEASE TAKE FURTHER NOTICE that if a written objection is timely filed, the Court will hear the Motion, along with any written objection timely served, on a date to be determined at the United States Bankruptcy Court for the Southern District of New York, Honorable Robert E. Gerber, United States Bankruptcy Judge, One Bowling Green, New York, New York, 10004-1408, 6th Floor.  The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

The Debtors have provided notice of this presentment to: (a) counsel for SAP; (b) the Office of the United States Trustee for the Southern District of New York; (c) counsel to the statutory committee of unsecured creditors appointed in these chapter 11 cases, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036, Attn: Philip C. Dublin, Esq.; (d) counsel to the official committee of equity security holders appointed in these chapter 11 cases, Skadden Arps Slate Meagher & Flom LLP & Affiliates, Four Times Square, New York, NY 10036, Attn: David M. Turetsky, Esq.; (e) counsel to the Official Committee counsel to the agent for the Debtors' postpetition and prepetition secured lenders; (f) the Internal Revenue Service; (g) the Environmental Protection Agency; (h) the Securities and Exchange Commission; and (i) all those persons and entities that have formally requested notice by filing a written request for notice, pursuant to Bankruptcy Rule 2002 and the Local Bankruptcy Rules. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

Dated:  New York, New York
        July 2, 2010

                                        **DUANE MORRIS LLP**

                                        _/s/  Gerard S. Catalanello_
                                        Gerard S. Catalanello, Esq.
                                        James J. Vincequerra, Esq.
                                        1540 Broadway
                                        New York, New York 10036-4086
                                        (212) 692-1000
                                        (212) 692-1020 (facsimile)
                                        gcatalanello@duanemorris.com
                                        jvincequerra@duanemorris.com
                                        _Conflicts Counsel to the Debtors and_
                                        _Debtors-in-Possession_

**<u>Exhibit A</u>**

**Stipulation and Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CHEMTURA CORPORATION, et al.,[1] | ) Case No. 09-11233 (REG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## STIPULATION AND ORDER RESOLVING THE AMENDED MOTION OF SAP AMERICA, INC. FOR ALLOWANCE AND IMMEDIATE PAYMENT OF AN ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO §§ 503(B)(1)(A) AND 507(A)(2)

This stipulation and order (the "**Stipulation**") is made as of July 1, 2010 by and among

Chemtura Corporation ("**Chemtura**"), one of the above-captioned debtors and debtors in

possession (collectively, the "**Debtors**") and SAP America, Inc. ("**SAP**," together with

Chemtura, the "**Parties**") by and through their respective counsel.

## RECITALS

WHEREAS, on March 18, 2009 (the "**Petition Date**"), the Debtors each filed voluntary

petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy**

**Code**") in the United States Bankruptcy Court for the Southern District of New York (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Chemtura Corporation (3153); A&M Cleaning Products, LLC (4712); Aqua Clear Industries, LLC (1394); ASCK, Inc. (4489); ASEPSIS, Inc. (6270); BioLab Company Store, LLC (0131); BioLab Franchise Company, LLC (6709); Bio-Lab, Inc. (8754); BioLab Textile Additives, LLC (4348); CNK Chemical Realty Corporation (5340); Crompton Colors Incorporated (3341); Crompton Holding Corporation (3342); Crompton Monochem, Inc. (3574); GLCC Laurel, LLC (5687); Great Lakes Chemical Corporation (5035); Great Lakes Chemical Global, Inc. (4486); GT Seed Treatment, Inc. (5292); HomeCare Labs, Inc. (5038); ISCI, Inc. (7696); Kem Manufacturing Corporation (0603); Laurel Industries Holdings, Inc. (3635); Monochem, Inc. (5612); Naugatuck Treatment Company (2035); Recreational Water Products, Inc. (8754); Uniroyal Chemical Company Limited (Delaware) (9910); Weber City Road, LLC (4381); and WRL of Indiana, Inc. (9136).

DM3\1396142.8

"**Court**"), and the Debtors' bankruptcy cases are being jointly administered pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure;

WHEREAS, prior to the Petition Date, Great Lakes Chemical Corporation ("**Great Lakes**") and SAP entered into that certain R/3 Software End-User Value License Agreement as amended (the "**Software License Agreement**"). On or about September 30, 2005, Great Lakes assigned all its rights, title and interest in, to and under the Software License Agreement to Chemtura;

WHEREAS, pursuant to the terms of the Software License Agreement, SAP granted Chemtura a non-exclusive license to use various software, and SAP renders software maintenance services to Chemtura including, *inter alia*, delivery of updates and upgrades, telephone and remote technical support, system monitoring and analysis, and consulting services;

WHEREAS, on or about October 28, 2009, SAP filed a proof of claim (no. 9796) in the amount of $731,883.90 arising from services SAP allegedly provided to Chemtura from in or about December, 2008 through March 18, 2009 (the "**Pre-Petition Claim**");

WHEREAS, on April 26, 2010, SAP filed a motion pursuant to §§ 503(b)(1)(A) and 507(a)(2) for an order for the allowance and immediate payment of an administrative expense claim arising out of services SAP rendered to Chemtura from the Petition Date through December 31, 2009 [Docket No. 2565] (the "**Motion**");

WHEREAS, on or about May 10, 2010, SAP filed an amended motion (the "**Amended Motion**") amending the amount SAP sought payment of under the Motion as an administrative expense claim (the "**Post-Petition Claim**"), and which Amended Motion superseded the Motion;

WHEREAS, a hearing to consider the Amended Motion was scheduled for May 26, 2010 (the "**Hearing**");

WHEREAS, prior to the Hearing, the Parties have had extensive negotiations regarding the Amended Motion, the Pre-Petition Claim, the Post-Petition Claim and the Software License Agreement, including the rights and obligations of the Parties thereunder and the services and software provided under Software License Agreement;

WHEREAS, in order to permit more time for the Parties to resolve the Amended Motion, the Parties agreed to adjourn the date of the Hearing to June 17, 2010, and subsequently to July 13, 2010;

WHEREAS, the Parties have reached an agreement resolving the Amended Motion, the terms of assumption of the Software License Agreement, and the amounts of the Pre-Petition Claim and Post-Petition Claim;

WHEREAS, on or about July 1, 2010, the Parties entered into (a) Amendment 1 to Appendix 17 to the Software License Agreement, (b) Amendment 1 to Appendix 18 to the Software License Agreement, (c) new Appendix 20 to the Software License Agreement, and (d) new Appendix 21 to the Software License Agreement (collectively, the "**Amendments**");

WHEREAS, under and pursuant to the Amendments, Chemtura will, among other things, receive new software (the "**New Software**") for which it has agreed to pay a onetime new license fee in the amount of $377,267.00 (the "**New License Fee**");

WHEREAS, the Parties agree that the Post-Petition Claim is $301,971; and

WHEREAS, Chemtura has determined, in the exercise of its business judgment, that the assumption of the Software License Agreement, as amended by the Amendments, and payment of the New License Fee is in the best interest of the Debtors and integral to their continuing operations.

NOW, THEREFORE, in consideration of the foregoing recitals, which are incorporated into this Stipulation, and the covenants and conditions contained therein, the Parties hereby stipulate and agree as follows:

1.      Upon Court approval of this Stipulation, the Software License Agreement, as amended by the Amendments, shall be deemed assumed by Chemtura pursuant to section 365(a) of the Bankruptcy Code.

2.      Upon execution of this Stipulation by the Parties, SAP shall make available the New Software to Chemtura, and immediately thereafter Chemtura shall pay the New License Fee in the amount of $377,267.00 to SAP in accordance with wire instructions to be provided by SAP.

3.      Upon execution of this Stipulation by the Parties, Chemtura shall pay the Post-Petition Claim ($301,971) to SAP in accordance with wire instructions to be provided by SAP.

4.      Upon Court approval of this Stipulation, any and all defaults under the Software License Agreement, as amended by the Amendments, shall be deemed cured under Section 365(b) of the Bankruptcy Code, and SAP shall be deemed to have an allowed administrative expense priority claim in the amount of the Pre-Petition Claim ($731,883.90) (the "**Allowed Administrative Expense Claim**"). The Allowed Administrative Expense Claim shall be paid by Chemtura in accordance with the terms of the plan of reorganization confirmed in Chemtura's bankruptcy case.

5.      Promptly after receipt of the payments required to be made pursuant to paragraphs 2 and 3 hereof, SAP shall file with the Court a notice of withdrawal (with prejudice) of the Amended Motion.

6.    SAP hereby irrevocably and unconditionally waives, releases, and discharges the Debtors of and from any and all claims (as defined in section 101(5) of the Bankruptcy Code), demands, obligations, actions, causes of action, suits, damages, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, costs, losses, debts, expenses and liabilities of any kind, whether known or unknown, suspected or unsuspected, fixed or contingent, apparent or concealed which SAP, its parents, subsidiaries, affiliates and agents now have, ever had, or hereafter may have, against any and all of the Debtors from the beginning of time up to and including the date of the execution of this Stipulation, including, but not limited to, any and all liability arising from or relating to the Software License Agreement, the Motion, the Amended Motion, the Pre-Petition Claim and the Post-Petition Claim; provided however, that notwithstanding the foregoing, nothing contained herein shall waive or release Chemtura from its obligations under this Stipulation or from any other obligations arising from or related to the Software License Agreement as amended by the Amendments after the date of the execution of this Stipulation.

7.    Chemtura hereby irrevocably and unconditionally waives, releases, and discharges SAP of and from any and all claims (as defined in section 101(5) of the Bankruptcy Code), demands, obligations, actions, causes of action, suits, damages, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, costs, losses, debts, expenses and liabilities of any kind, whether known or unknown, suspected or unsuspected, fixed or contingent, apparent or concealed which Chemtura, its parents, subsidiaries, affiliates and agents now have, ever had, or hereafter may have, against SAP from the beginning of time up to and including the date of the execution of this Stipulation, including, but not limited to, any and all liability arising from or relating to the Software License

Agreement, the Motion and the Amended Motion; provided however, that notwithstanding the foregoing, nothing contained herein shall waive or release SAP from its obligations under this Stipulation or from any other obligations arising from or related to the Software License Agreement as amended by the Amendments after the date of the execution of this Stipulation.

8.    Upon Court approval of this Stipulation, the Parties are authorized to take all actions, including tendering any payment required by the terms of this Stipulation and execution of any documents, to effectuate this Stipulation as described herein.

9.    No other or further notice to creditors or parties in interest, or approval by this Court, or any other court, is required to effectuate the terms and conditions of this Stipulation.

10.    The Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

11.    Facsimile or other electronic copies of signatures on this Stipulation are acceptable, and a facsimile or other electronic copy of a signature on this Stipulation will be deemed an original.

12.    This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

13.    This Stipulation is subject to and shall be immediately effective on the date of entry of an order of the Court approving the terms hereof.  The terms and provisions of this Stipulation shall be void and of no further force and effect if such approval by the Court is not granted.

14.    This Stipulation and all the provisions hereof shall be binding upon and shall inure to the benefit of all the Parties hereto, each of their respective executors, heirs, successors and assigns, and all entities claiming by or through any of the Parties.

15.    No modification, cancellation, discharge or waiver of, or with respect to, any provision of this Stipulation, or consent to any departure from any of the terms or conditions hereof, shall in any event be effective unless it shall be in writing and signed by the Parties hereto.

16.    This Stipulation constitutes the entire agreement among the Parties concerning the subject matter hereof and supersedes any prior understandings, agreements or representations by or among the Parties, written or oral, to the extent they relate in any way to the subject matter hereof.

*Remainder of page left intentionally blank.*

DM3\1396142.8                                    7

IN WITNESS WHEREOF, the undersigned Parties have executed this Stipulation by their duly authorized counsel.

Dated:  New York, New York
       July ___ 2010

             **DUANE MORRIS LLP**

             _____
             Gerard S. Catalanello, Esq.

             1540 Broadway
             New York, New York 10036-4086
             (212) 692-1000
             (212) 692-1020 (facsimile)
             gcatalanello@duanemorris.com

             *Conflicts Counsel to Chemtura Corporation*

             **BROWN & CONNERY, LLP**

             _____
             Kenneth J. Schweiker, Jr.

             6 North Broad St., Suite 100
             Woodbury, NJ 08096
             (856) 812-8900
             (856) 853-9933 (facsimile)
             kschweiker@brownconnery.com

             *Counsel for SAP America, Inc.*

SO ORDERED THIS ___ DAY OF JULY 2010

_____
HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE