U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| CHEMTURA CORPORATION, *et al.*, | Case No. 09-11233 (REG) |
| Debtors. | Jointly Administered |

DECISION ON REQUEST FOR WAIVERS OF
STAYS UNDER FED.R.BANKR.P. 3020(e) AND
SIMILAR RULES

By letter submitted to me yesterday, Pentair has objected to the plan supporters' provision in the proposed Confirmation Order waiving the normal 14-day stay of effectiveness under Fed.R.Bankr.P. 3020(e) and other, similar, provisions—permitting the Plan to go effective immediately. The Debtors responded later the same day. After considering the two submissions, I'm sustaining Pentair's objection, but only in part. In the exercise of my discretion, I'm invoking the authority given to me under Bankruptcy Rule 3020(e) and the other applicable rules[1] to shorten the duration of the stay of effectiveness for which those rules provide, but I won't eliminate it entirely. The Confirmation Order will be stayed to the extent, but only the extent, of permitting it to go effective after 12 noon on Monday, November 8, five calendar days from now. The reasons for this exercise of discretion follow.

---

[1] The others are Fed.R.Bankr.P. 6004(h), which applies to most uses, sales, or leases of property, and Rule 7062, captioned "Stay of Proceedings to Enforce a Judgment," which makes Fed.R.Civ.P. applicable in adversary proceedings. Rule 7062 is not applicable in contested matters like this one unless the court directs otherwise, see Fed.R.Bankr.P. 9014(c), and at least since 1999, has been inapplicable to confirmation orders except in instances (which I have never seen) where the bankruptcy court might direct otherwise. *See* 10 *Collier* ¶7062.01 (15th ed. rev. 2009). Rule 3020(e) applies instead. *Id.*

-1-

Pentair is right in its contention that the plan supporters didn't ask for the waiver before or at the time of the hearing on confirmation. While some might argue that this would have been presumptuous, I think "best practices," at the least, would have been to put this issue on the table early, setting forth the reasons why any delay in effectiveness would be prejudicial to creditors, other stakeholders, and/or the estate, or articulating other reasons why the normal stay duration would be inappropriate. Nevertheless, the way by which the plan supporters approached the issue was the norm, and Pentair was not denied due process. And at least where, as here, any objectors got due process, we are talking about a matter in which I unquestionably have discretion, and am free to determine in whatever manner I consider to be most in the interests of justice.

In their letter responding to Pentair and in support of the requested waiver, the Debtors make three points. Two lack merit. The third has considerable merit—but while it supports shortening the stay, it doesn't support eliminating it entirely.

The Debtors' first point is that Section 15.1 of the Plan explicitly contemplates the waiver of the stays, by providing that the Plan "will be immediately effective upon the occurrence of the Effective Date," notwithstanding Rules 3020(e) and the others. This is circular. The Effective Date could not take place until the Confirmation Order became effective in the first place, and the latter could not occur until the passage of time for which Rules 3020(e) and 6004(h) provide, as modified by any direction to the contrary that I would have the power to issue.

The Debtors' second point is that while Section 12.5 of the Plan provides for a "final order" requirement (providing in substance that the Plan couldn't go effective until the Confirmation Order has become a "final order," as defined in the Plan), this

requirement can be waived—and that the plan supporters with waiver authority all will waive it.  With due respect, other than expressing the preference of the plan supporters that the plan go effective promptly (which I'd assumed), this tells me nothing.  Plan supporters customarily draft their plans this way, and customarily waive final order requirements as soon as they're permitted to, because they're well aware of the caselaw involving equitable and statutory mootness.  In most cases (and/or with respect to most issues), the effectiveness of the plan will moot appeals from the confirmation order.  Though in a case (which I've never seen) where plan supporters are *unwilling* to waive their final order rights, that unwillingness could be quite relevant to any 3020(e) waiver request, we don't have that situation here.

The Debtors' third point is by far their most persuasive, and ultimately informs the exercise of my discretion on this issue.  The Debtors observe that there are significant costs to the Debtors' estates in delaying the effectiveness of the plan—pointing out that interest alone on the allowed claims would cost the estate approximately $230,000 per day.  And they note that the interest expense is in addition to other administrative costs and expenses that the Debtors would continue to incur if the effective date were delayed.  To my mind, these are serious concerns, especially when weighed against the concerns of an entity, like Pentair, most of whose claim has been disallowed, and whose chances of a successful appeal on the claims disallowance issue would in my mind be remote.

However, I believe that I should be wary of wholly denying any party at least an opportunity to seek a stay to avoid the mooting of its appeal.  I thus will shorten the 3020(e) period, but won't totally eliminate it.  I recognize that permitting this time could cost the estate money if the Plan could become effective sooner (a matter that's not clear

to me), and that granting any longer stay, especially if unbonded, would cost the estate and its stakeholders a great deal of money. But since the five day stay I will authorize is not likely to have a material adverse effect on the estate, I consider the limited waiver for which I am providing to be best in the interests of justice.

   The Confirmation Order entered today has language added to it consistent with this Decision.

Dated: New York, New York     _s/Robert E. Gerber_
   November 3, 2010       United States Bankruptcy Judge