Hearing Date: December 7, 2010 at 9:45 a.m.
Objection Deadline: November 23, 2010 at 4:00 p.m.

Richard M. Cieri
M. Natasha Labovitz
Craig A. Bruens
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022-4611
Telephone:  (212) 446-4800
Facsimile:   (212) 446-4900

David J. Zott, P.C.                    Brian T. Stansbury
Nader R. Boulos, P.C.                  KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS LLP                   655 Fifteenth Street, N.W.
300 North LaSalle                      Washington, D.C. 20005-5793
Chicago, IL 60654                      Telephone:  (202) 879-5000
Telephone:  (312) 862-2000             Facsimile:  (202) 879-5200
Facsimile:   (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| CHEMTURA CORPORATION, *et al.*,[1] | Case No. 09-11233 (REG) |
| Debtors. | Jointly Administered |

## NOTICE OF HEARING ON DEBTORS' MOTION FOR AN ORDER AUTHORIZING CHEMTURA CORPORATION TO ENTER INTO, AND APPROVING, A SETTLEMENT AGREEMENT WITH THE UNITED STATES RELATING TO THE GOWANUS CANAL SUPERFUND SITE

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are:  Chemtura Corporation (3153); A&M Cleaning Products, LLC (4712); Aqua Clear Industries, LLC (1394); ASCK, Inc. (4489); ASEPSIS, Inc. (6270); BioLab Company Store, LLC (0131); BioLab Franchise Company, LLC (6709); Bio-Lab, Inc. (8754); BioLab Textile Additives, LLC (4348); Chemtura Canada Co./Cie (5047); CNK Chemical Realty Corporation (5340); Crompton Colors Incorporated (3341); Crompton Holding Corporation (3342); Crompton Monochem, Inc. (3574); GLCC Laurel, LLC (5687); Great Lakes Chemical Corporation (5035); Great Lakes Chemical Global, Inc. (4486); GT Seed Treatment, Inc. (5292); HomeCare Labs, Inc. (5038); ISCI, Inc. (7696); Kem Manufacturing Corporation (0603); Laurel Industries Holdings, Inc. (3635); Monochem, Inc. (5612); Naugatuck Treatment Company (2035); Recreational Water Products, Inc. (8754); Uniroyal Chemical Company Limited (Delaware) (9910); Weber City Road LLC (4381); and WRL of Indiana, Inc. (9136).

PLEASE TAKE NOTICE that a hearing on the *Debtors' Motion for an Order Authorizing Chemtura Corporation to Enter Into, and Approving, a Settlement Agreement with the United States Relating to the Gowanus Canal Superfund Site* (the "**Motion**") will be held before the Honorable Robert E. Gerber of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, Room 621, One Bowling Green, New York, New York, on **December 7, 2010 at 9:45 a.m. (ET)** (the "**Hearing**").

PLEASE TAKE FURTHER NOTICE that any responses or objections to the relief requested in the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, on a 3.5 inch disk, in text-searchable Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (in either case, with a hard-copy delivered directly to Chambers), and shall be served upon: (a) the undersigned counsel to the Debtors; (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Susan Golden, Esq.; (c) counsel to the statutory committee of unsecured creditors appointed in these chapter 11 cases, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036, Attn: Philip C. Dublin, Esq.; (d) counsel to the official committee of equity security holders appointed in these chapter 11 cases, Skadden Arps Slate Meagher & Flom LLP & Affiliates, Four Times Square, New York, NY 10036, Attn: David M. Turetsky, Esq.; (e) counsel to the agent for the Debtors' postpetition and prepetition

K&E 17987678.2

secured lenders, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York, 10022, Attn: Fred Sosnick, Esq.; (f) counsel to the ad hoc committee of bondholders in these chapter 11 cases, Jones Day, 555 S. Flower Street, Los Angeles, CA 90071, Attn:  Richard Wynne, Esq. and Lance E. Miller, Esq.; (f) the Internal Revenue Service and the Environmental Protection Agency, Assistant United States Attorney, Southern District of New York, 86 Chambers St. 3rd Floor, New York, New York 10007, Attn: Lawrence H. Fogelman, Esq.; (g) the Trustee for the 2016 Corporate Notes, U.S. Bank National Association, Corporate Trust Services, 60 Livingston Avenue, St. Paul, Minnesota 55107, Attn:  Cindy Woodward; (h) the Trustee for the 2009 Corporate Notes, The Bank of New York Mellon Trust Company, 6525 West Campus Oval Road, Suite 200, New Albany, Ohio 43054, Attn:  Donna Parisi; (i) the Trustee for the 2026 Corporate Debentures, Manufacturers & Traders Trust Co., 25 South Charles Street, 16th Floor, Baltimore, Maryland 21201, Attn:   Robert D. Brown; (j) the Securities and Exchange Commission, New York Regional Office, 233 Broadway, New York, New York 10279, Attn: Nathan M. Fuchs, Esq.; and (k) all those persons and entities that have formally requested notice by filing a written request for notice, pursuant to Bankruptcy Rule 2002 and the Local Bankruptcy Rules, so as to be actually received **no later than November 23, 2010 at 4:00 p.m. (ET)**.  Only those responses that are timely filed, served and received will be considered at the Hearing.  Failure to file a timely response may result in entry of a final order granting the relief requested in the Motion as requested by the Debtors.

K&E 17987678.2

New York, New York
Dated: November 9, 2010

/s/ M. Natasha Labovitz
Richard M. Cieri
M. Natasha Labovitz
Craig A. Bruens
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

David J. Zott, P.C.
Nader R. Boulos, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Brian T. Stansbury
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

*Counsel to the Debtors and Debtors in Possession*

4

Richard M. Cieri
M. Natasha Labovitz
Craig A. Bruens
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

David J. Zott, P.C.                        Brian T. Stansbury
Nader R. Boulos, P.C.                      KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS LLP                       655 Fifteenth Street, N.W.
300 North LaSalle                          Washington, D.C. 20005-5793
Chicago, IL 60654                          Telephone: (202) 879-5000
Telephone: (312) 862-2000                  Facsimile: (202) 879-5200
Facsimile: (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CHEMTURA CORPORATION, *et al.*,[1] | Case No. 09-11233 (REG) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING
CHEMTURA CORPORATION TO ENTER INTO, AND
APPROVING, A SETTLEMENT AGREEMENT WITH THE UNITED
STATES RELATING TO THE GOWANUS CANAL SUPERFUND SITE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: Chemtura Corporation (3153); A&M Cleaning Products, LLC (4712); Aqua Clear Industries, LLC (1394); ASCK, Inc. (4489); ASEPSIS, Inc. (6270); BioLab Company Store, LLC (0131); BioLab Franchise Company, LLC (6709); Bio-Lab, Inc. (8754); BioLab Textile Additives, LLC (4348); Chemtura Canada Co./Cie (5047); CNK Chemical Realty Corporation (5340); Crompton Colors Incorporated (3341); Crompton Holding Corporation (3342); Crompton Monochem, Inc. (3574); GLCC Laurel, LLC (5687); Great Lakes Chemical Corporation (5035); Great Lakes Chemical Global, Inc. (4486); GT Seed Treatment, Inc. (5292); HomeCare Labs, Inc. (5038); ISCI, Inc. (7696); Kem Manufacturing Corporation (0603); Laurel Industries Holdings, Inc. (3635); Monochem, Inc. (5612); Naugatuck Treatment Company (2035); Recreational Water Products, Inc. (8754); Uniroyal Chemical Company Limited (Delaware) (9910); Weber City Road LLC (4381); and WRL of Indiana, Inc. (9136).

## TABLE OF CONTENTS

Page

Jurisdiction.................................................................................................................2

Basis for Relief ..........................................................................................................2

    A.    The Proof of Claim Filed by the United States.......................................................2

    B.    The Debtors Contested the U.S. Proof of Claim by Filing a Claim
        Objection.............................................................................................................2

    C.    Settlement Negotiations and the Settlement Agreement .........................................3

Supporting Authority ..................................................................................................7

    D.    The Court has the Authority to Approve the Settlement Agreement.......................7

    E.    The Debtors Have Met Their Burden for Seeking Authorization to Enter
        into the Settlement Agreement...............................................................................8

        i.    The Settlement Agreement Benefits the Debtors.........................................8

        ii.    The Settlement Agreement Will Not Prejudice the Debtors'
            Creditors or Shareholders. ..........................................................................9

        iii.    The Statutory Committee of Unsecured Creditors Appointed in the
            Debtors' Chapter 11 Cases and the Ad Hoc Committee of
            Bondholders Are Expected to Support the Settlement Agreement............10

        iv.    The Settlement Agreement is the Product of Arm's-length
            Bargaining by Competent and Experienced Counsel. ...............................10

    F.    The Payment to be Made Under the Settlement Agreement Is Appropriate
        Pursuant to Section 363(b) of the Bankruptcy Code. ...........................................11

Motion Practice.........................................................................................................12

Notice .......................................................................................................................12

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*,
    722 F.2d 1063 (2d Cir. 1983) ........................................................................ 11

*In re Adelphia Commc'ns Corp.*,
    327 B.R. 143 (Bankr. S.D.N.Y. 2005) ............................................................ 8

*In re Carla Leather, Inc.*,
    44 B.R. 457 (Bankr. S.D.N.Y. 1984) .............................................................. 7

*In re Global Crossing Ltd.*,
    295 B.R. 726 (Bankr. S.D.N.Y. 2003) .......................................................... 11

*In re Hibbard Brown & Co., Inc.*,
    217 B.R. 41 (Bankr. S.D.N.Y. 1998) .............................................................. 7

*In re Ionosphere Clubs, Inc.*,
    156 B.R. 414 (S.D.N.Y. 1993) ........................................................................ 8

*In re Iridium Operating LLC*,
    478 F.3d 452 (2d Cir. 2007) ............................................................................ 8

*In re W.T. Grant Co.*,
    699 F.2d 599 (2d Cir. 1983) ............................................................................ 8

*Nellis v. Shugrue*,
    165 B.R. 115 (S.D.N.Y. 1994) ........................................................................ 7

*Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated
    Res., Inc.)*, 147 B.R. 650 (S.D.N.Y. 1992),
    *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993) .................................................... 11

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry Inc. v. Anderson*,
    390 U.S. 414 (1968) .......................................................................................... 7

*Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham
    Lambert Group, Inc.)*, 134 B.R. 499 (Bankr. S.D.N.Y. 1991) ........................ 7

**Statutes**

11 U.S.C. § 101-1532 ................................................................................................ 1

11 U.S.C. § 363 ................................................................................................... 1, 11

## TABLE OF AUTHORITIES

**Page(s)**

11 U.S.C. § 363(b) ............................................................................................ 2, 7, 11

11 U.S.C. § 363(b)(1) ............................................................................................ 11

28 U.S.C. § 1334 ............................................................................................ 1

28 U.S.C. § 1408 ............................................................................................ 2

28 U.S.C. § 1409 ............................................................................................ 2

28 U.S.C. § 157 ............................................................................................ 1

28 U.S.C. § 157(b)(2) ............................................................................................ 1

33 U.S.C. § 1251 ............................................................................................ 3

42 U.S.C. § 11001 ............................................................................................ 3

42 U.S.C. § 6901 ............................................................................................ 2

42 U.S.C. § 6973 ............................................................................................ 6

42 U.S.C. § 7401 ............................................................................................ 3

42 U.S.C. § 9601 ............................................................................................ 2

42 U.S.C. § 9606 ............................................................................................ 6

42 U.S.C. § 9607 ............................................................................................ 6

42 U.S.C. § 9613(f)(2) ............................................................................................ 6

**Rules**

Fed. R. Bankr. P. 2002 ............................................................................................ 13

Fed. R. Bankr. P. 9019 ............................................................................................ 1, 2, 7

LBR 9013-1(a) ............................................................................................ 12

**Other Authority**

9 Collier on Bankruptcy (15th ed. rev. 2008) ............................................................................................ 8

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") seek entry of an order, substantially in the form attached hereto as Exhibit A, authorizing Chemtura Corporation ("**Chemtura**") to enter into, and approving, a Settlement Agreement (the "**Settlement Agreement**")[1] with the United States of America pursuant to section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").   The Settlement Agreement resolves all disputes concerning the portion of a proof of claim filed by the United States, on behalf of the United States Environmental Protection Agency (along with any legal successor thereto, "**EPA**"), relating to the Gowanus Canal Superfund Site in New York ("**Gowanus Site**").   The portion of the EPA proof of claim relating to the Gowanus Site seeks recovery of $137,581.62 for responses costs that have been incurred and in excess of $1 billion in compensation for future responses costs that the EPA asserts may be incurred to remediate releases and threats of releases of hazardous substances at or in connection with the Gowanus Site.[2]   The Settlement Agreement provides the United States with an allowed environmental claim in the amount of $3.9 million, which will be paid in cash under the Debtors' proposed chapter 11 plan, in full settlement and satisfaction of the United States' proof of claim as it pertains to the Gowanus Site and in return for broad covenants not to sue and contribution protection from the United States.   In support of this motion, the Debtors respectfully state as follows:

---

[1]    A copy of the Settlement Agreement is annexed hereto as Exhibit B.

[2]    The remaining portions of the United States proof of claim filed on behalf of the EPA have been resolved by a separate settlement agreement that was approved by the Court by order dated September 17, 2010 [Dkt. No. 4026].

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

## Basis for Relief

**A.      The Proof of Claim Filed by the United States.**

4.      On August 21, 2009, the Court entered an order establishing October 30, 2009 as the deadline for each person or entity, including governmental units, asserting a claim against the Debtors to file a written proof of claim.  [Dkt. No. 992]

5.      On October 30, 2009, the United States filed Proof of Claim No. 11672 (the "**U.S. Proof of Claim**") against Chemtura, contending, *inter alia*, that Chemtura is liable under the Comprehensive Environmental Response, Compensation, and Liability Act ("**CERCLA**"), 42 U.S.C. § 9601 *et seq.*, for costs incurred of $137,581.62 and in excess of $1 billion in costs to be incurred in response to releases and threats of releases of hazardous substances at or in connection with the Gowanus Site.  Claim No. 11672, [Dkt. No. 1816], Ex. A to *Debtors' Omnibus Objection to Certain Claims of the United States of America (Claim Nos. 11672, 11767, 11797, 11854 and 11993)* ("**Omnibus Objection**").

6.      In support of its claim, the United States relies on the CERCLA statute and each and all regulations promulgated thereunder (collectively, the "**Environmental Laws**").

**B.      The Debtors Contested the U.S. Proof of Claim by Filing a Claim Objection**

7.      On January 22, 2010, the Debtors objected to the U.S. Proof of Claim on the basis that the claim, in whole or in part, is: (i) not supported by sufficient allegations, documentation

2

or proof; (ii) barred by the fact that other responsible parties should, and will, bear some or all of the response costs alleged in the U.S. Proof of Claim; (iii) for projected remedial costs that are highly speculative, unreasonable and unsupported in nature and amount; (iv) inconsistent with generally accepted estimation techniques and methodology for calculating future environmental costs where such "estimates" are provided; (v) not based upon proper economic analysis and industry standards and fails to disclose the assumptions behind the United States' calculation for calculating future remedial costs; and (vi) for improper amounts, including post petition interest which is disallowed by section 502(b) of the Bankruptcy Code.  (Omnibus Objection ¶¶ 24-34.) In addition, the Debtors objected on the basis that the Debtors should not be liable for the entire amount of past and future response costs associated with the Gowanus Canal because the costs should be apportioned among other potentially responsible parties, including those that the EPA has already identified.  (*Id.* ¶ 26.)

C.    **Settlement Negotiations and the Settlement Agreement**

8.    Since the commencement of these chapter 11 cases, the Debtors have been engaged in a concerted effort to negotiate with state and federal agencies in an attempt to achieve consensual resolution of disputes with respect to their environmental liabilities.  In order to better understand their exposure and facilitate meaningful settlement discussions, the Debtors retained environmental liability assessment experts at Woodard & Curran ("**W&C**") to perform, pursuant to applicable standards, valuations of future investigatory and remediation costs at certain sites, including the Gowanus Site.  Importantly, W&C prepared its valuations using a scope of investigation and remediation work that the Debtors defined, out of necessity, based upon documentation available at the time and without access to government experts.

9.    The Debtors have been engaged in months of arm's-length negotiations with the United States in an effort to resolve the disputes at issue in relation to the U.S. Proof of Claim

3

and separately entered into a settlement agreement resolving all portions of the U.S. Proof of Claim except for the Gowanus Site. Negotiations with the United States involved numerous technical discussions between EPA and Chemtura remediation specialists to determine the scope of remaining investigation and remediation activities at various sites, including the Gowanus Site. With respect to the Gowanus Site, the technical discussions focused upon the remedy for the site and Chemtura's allocation. There were also numerous face-to-face and telephonic negotiations between attorneys for the EPA, including Assistant U.S. Attorneys for the Southern District of New York, and in-house and outside counsel for the Debtors. The Debtors also updated their various creditor and equity committees throughout the course of these negotiations.

10.     Simultaneously with their negotiations with the United States, the Debtors were engaged in negotiations with the State of New York and have entered into a separate settlement agreement (the "**New York Settlement Agreement**") resolving disputes between New York and Chemtura regarding Chemtura's performance of work at a portion of the Gowanus Site known as the Court Street Facilities. The New York Settlement Agreement was filed with the Bankruptcy Court on September 17, 2010, and approved by order dated October 12, 2010. It was approved by the United States District Court for the Southern District of New York ("**District Court**") on November 8, 2010. Pursuant to the New York Settlement Agreement, Chemtura has agreed to perform remediation at the Court Street Facilities pursuant to the terms of orders on consent with the State of New York (the "**Consent Orders**").

11.     The New York Settlement facilitated the Debtors' efforts to conclude settlement negotiations with the United States concerning the Gowanus Site. Ultimately, the Parties agreed to the Settlement Agreement, which resolves the disputes over the U.S. Proof of Claim as it pertains to the Gowanus Site. The resolution of Chemtura's liability under the Settlement

4

Agreement is supported by W&C's cost estimate of the Gowanus Site, as revised to account for

technical discussions with the EPA, and will remove significant uncertainty as to future liability

of Chemtura with respect to that site.

12.    The salient terms of the Settlement Agreement are as follows:[3]

a.    **Terms of Resolution**.  In settlement and satisfaction of the U.S. Proof of Claim
with respect to the Gowanus Site, the United States, on behalf of EPA, shall have
an Allowed Environmental Claim, as defined in the Plan of Reorganization, of
$3.9 million against Chemtura.  The United States shall receive no distributions or
other payments in the Bankruptcy Cases with respect to the Debtors' liabilities
and obligations asserted in the U.S. Proof of Claim with respect to the Gowanus
Site other than as set forth in this paragraph.  The Allowed Environmental Claim
(i) shall be treated as provided under Section 3.3(k)(i)(A) of the Plan of
Reorganization, specifically, payment in cash, and (ii) shall not be subordinated to
any other Allowed Environmental Claims or any Allowed General Unsecured
Claims pursuant to any provision of the Bankruptcy Code or other applicable law,
including, without limitation, Sections 105, 510, and 726(a)(4) of the Bankruptcy
Code.

b.    **Resolution of Proof of Claim and Omnibus Objection**.  The U.S. Proof of
Claim shall be deemed satisfied in full with respect to the Gowanus Site in
accordance with the terms of the Settlement Agreement.  Moreover, the approval
of the Settlement Agreement by the Court, together with the U.S Proof of Claim,
shall be deemed to satisfy any requirement for EPA to file in these Bankruptcy
Cases any claim, request, or demand for the disbursement of funds as provided
herein.  No further proof of claim or other request or demand by EPA shall be
required.  Any and all proofs of claim deemed to be filed pursuant to this
paragraph shall also be deemed satisfied in full in accordance with the terms of
the Settlement Agreement.  With respect to matters pertaining to the Gowanus
Site, the Omnibus Objection shall be deemed resolved in full by the Settlement
Agreement, without costs or attorney's fees to any party.

c.    **Contribution Protection**.  The Parties agree that the settlement constitutes a
judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42
U.S.C. § 9613(f)(2), and that the Debtors are entitled, as of the Effective Date, to
protection from contribution actions or claims as provided by Section 113(f)(2) of
CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for
"matters addressed" in the Settlement Agreement.  Subject to the last sentence of

---

3    The following description represents only a summary of the salient provisions of the proposed Settlement
Agreement; the Settlement Agreement itself should be referred to in its entirety for the specific terms and
conditions thereof.  If there is any inconsistency between the summary and the Settlement Agreement, the terms
and conditions of the Settlement Agreement will control.  Capitalized terms used in this motion without
definition shall have the meaning ascribed to such terms in the Settlement Agreement.

this paragraph, the "matters addressed" in the Settlement Agreement, as that phrase is used in Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), include, without limitation, claims by EPA or potentially responsible parties for response costs at or in connection with the Gowanus Site. The "matters addressed" in the Settlement Agreement do not include claims against any of the Debtors for liquidated past response costs incurred by potentially responsible parties prior to the Petition Date and included in proofs of claim filed in any of the Bankruptcy Cases by potentially responsible parties with respect to the Gowanus Site.

d. **Covenant Not to Sue and Reservation of Rights**.

    i. EPA covenants not to file a civil action or to take any administrative or other civil action against the Debtors pursuant to Sections 106 or 107 of CERCLA, 42 U.S.C. §§ 9606 or 9607, and Section 7003 of RCRA, 42 U.S.C. § 6973, with respect to the Gowanus Site.

    ii. The covenant not to sue shall take effect on the Effective Date, provided, however, that if (a) the New York State Department of Environmental Conservation (the "**NYSDEC**") issues a notice of noncompliance or a notice of violation to Chemtura with respect to one or more of the Court Street Facilities addressed in the New York Settlement Agreement and Consent Orders, and (b) the notice of noncompliance or notice of violation is not cured within the time specified in the notice, or determined by the NYSDEC to have been issued in error, or otherwise withdrawn, and (c) the United States determines that there may be an imminent and substantial endangerment to public health or welfare or the environment because of an actual or threatened release of hazardous substances at the Court Street Facility (or Facilities) which is (or are) the subject of the notice of noncompliance or notice of violation, then the covenant not to sue shall, only with respect to the Court Street Facility (or Facilities) which is (or are) the subject to the notice of noncompliance or notice of violation, be null and void and of no effect without further action by any party.

    iii. The United States also specifically reserves, and the Settlement Agreement is without prejudice to, any action based on (a) a failure to meet a requirement of the Settlement Agreement or (b) criminal liability. In addition, the United States reserves, and the Settlement Agreement is without prejudice to, all rights against the Debtors, their successors, assigns, officers, directors, employees, and trustees with respect to the Gowanus Site for liability under CERCLA, RCRA, or state law for acts by the Debtors, their successors, assigns, officers, directors, employees, or trustees that occur after the date of lodging of the Settlement Agreement and give rise to liability under CERCLA, RCRA, or state law. As used in the preceding sentence, the phrase "acts by the Debtors, their successors, assigns, officers, directors, employees, or trustees that occur after the date of lodging of the Settlement Agreement" does not include continuing

releases related to conduct occurring before the date of lodging of the Settlement Agreement.

**Relief Requested**

13.     By this motion, the Debtors request that the Court enter an order, pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, authorizing Chemtura to enter into, and approving, the Settlement Agreement resolving the U.S. Proof of Claim as it pertains to the Gowanus Site.

**Supporting Authority**

**D.     The Court has the Authority to Approve the Settlement Agreement.**

14.     Pursuant to Bankruptcy Rule 9019, bankruptcy courts can approve a compromise or settlement if it is in the best interests of the estate.  *See Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).  The decision to accept or reject a compromise or settlement is within the sound discretion of the bankruptcy court.  *Nellis v. Shugrue*, 165 B.R. 115, 121-122 (S.D.N.Y. 1994); *Drexel Burnham Lambert Group*, 134 B.R. at 505; *see also In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998) (bankruptcy court may exercise its discretion "in light of the general public policy favouring settlements"); 9 Collier on Bankruptcy ¶ 9019.02 (15th ed. rev. 2008).

15.     In exercising its discretion, the bankruptcy court must make an independent determination that the settlement is fair and equitable.  *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Shugrue*, 165 B.R. at 122.  That does not mean, however, that the bankruptcy court should substitute its judgment for the debtors' judgment.  *In re Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984).  Instead, a bankruptcy court should "canvass the issues and see whether the settlement 'fall[s] below the

7

lowest point in the range of reasonableness.'" *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir.

1983).  Put differently, the court does not need to conduct a "mini-trial" of the facts and merits

underlying the dispute; it only needs to be apprised of those facts that are necessary to enable it

to evaluate and make a considered, independent judgment about the settlement.  *See In re*

*Adelphia Commc'ns Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005).

16.    To evaluate whether a settlement is fair and equitable, courts in the Second

Circuit consider several factors, including:

- the balance between any litigation's possibility of success and the settlement's future benefits to the estate;

- the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay;

- the paramount interests of the creditors, including the relative benefits of each affected class and the degree to which creditors either do not object to or affirmatively support the proposed settlement;

- whether other parties in interest support the settlement;

- the competency and experience of counsel supporting the settlement; and

- the extent to which the settlement is the product of arm's-length bargaining.

*See In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007); *see also In re Ionosphere*

*Clubs, Inc.*, 156 B.R. 414, 428 (S.D.N.Y. 1993).

**E.    The Debtors Have Met Their Burden for Seeking Authorization to Enter into the Settlement Agreement.**

17.    As described below, application of the *Iridium* factors demonstrates that the

Settlement Agreement is fair, reasonable, and in the best interests of the Debtors' estates.

**i.    The Settlement Agreement Benefits the Debtors.**

18.    In entering into the Settlement Agreement, the Debtors have evaluated the U.S

Proof of Claim as it pertains to the Gowanus Site and have weighed the risks and costs of

8

litigating the claim asserted therein against the benefits of settlement.  As this Court has already recognized, litigation concerning environmental claims is by its nature extraordinarily complex and the Settlement Agreement allows the Debtors to avoid the time, expense and uncertainty of potential litigation over the claim.  Specifically, the Settlement Agreement resolves the U.S. Proof of Claim as it pertains to the Gowanus Site, which seeks $137,581.62 for responses costs that have been incurred and in excess of $1 billion in future responses costs at that site, for an Allowed Environmental Claim in the amount of $3.9 million, which will be paid in cash under the Debtors' proposed chapter 11 plan.  Moreover, litigation of the claim would be time-consuming and carry with it the risk of potentially significant liability in excess of the settlement amount, especially considering the early stage of investigation and remediation of the Gowanus Site, which the Debtors are able to avoid through entry into the Settlement Agreement.

19.    Based upon the above analysis, the Debtors have determined that the benefits of the Settlement Agreement significantly outweigh any benefits (taking into account the significant associated costs) of proceeding with litigation.  The Settlement Agreement also will allow the Debtors to reallocate resources that had been devoted to resolution of the claim to the other important matters associated with their reorganization and business.

ii.    **The Settlement Agreement Will Not Prejudice the Debtors' Creditors or Shareholders.**

20.    The Debtors believe the Settlement Agreement will substantially benefit, not prejudice, the Debtors' creditors and shareholders.  If the Debtors do not enter into the Settlement Agreement, the Debtors could potentially be required to pay substantially more than the settlement amount in order to resolve the claim and obligations asserted therein with respect to the Gowanus Site.  Furthermore, a settlement with the United States will ensure that no additional expenses will be incurred in connection with the Gowanus Site and will provide

Chemtura with finality and certainty as to that site.  Thus, entry into the Settlement Agreement will benefit all of the Debtors' stakeholders.

> ### iii.    The Statutory Committee of Unsecured Creditors Appointed in the Debtors' Chapter 11 Cases and the Ad Hoc Committee of Bondholders Are Expected to Support the Settlement Agreement.

21.    The Debtors have diligently informed their official committee of unsecured creditors, their official committee of equity security holders and the ad hoc committee of bondholders of the negotiations concerning the Settlement Agreement.  Among other things, the Debtors have provided these committees with an opportunity to review and comment on the Settlement Agreement, including earlier drafts.  The Debtors expect to have, at a minimum, the support of the statutory committee of unsecured creditors and the ad hoc committee of bondholders in these chapter 11 cases when the motion on the Settlement Agreement is heard.

> ### iv.    The Settlement Agreement is the Product of Arm's-length Bargaining by Competent and Experienced Counsel.

22.    The Settlement Agreement is the product of extensive, hard-fought, arm's-length negotiations between the Debtors and the United States spanning several months.  The Settlement Agreement was negotiated with the aid of knowledgeable and competent counsel with significant experience in environmental law and restructuring matters, including both Kirkland & Ellis LLP, as restructuring counsel to the Debtors, and Akin Gump Strauss Hauer & Feld LLP, as counsel for the statutory committee of unsecured creditors.  In addition, the Debtors kept counsel to their statutory committee of equity holders and their ad hoc committee of bondholders apprised throughout the negotiations as to the status of settlement discussions.

23.    In addition, W&C, the Debtors' environmental consultant, provided invaluable assistance with the assessment of the settlement amount and estimation of potential liabilities at the Gowanus Site.

**F.      The Payment to be Made Under the Settlement Agreement Is Appropriate Pursuant to Section 363(b) of the Bankruptcy Code.**

24.      Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The use, sale, or lease of property of the estate, other than in the ordinary course of business, is authorized when there is a "sound business purpose" that justifies such action. *See Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *see also In re Global Crossing Ltd.*, 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003) (stating that judicial approval under section 363 of the Bankruptcy Code requires a showing that there is a good business reason).

25.      When a valid business justification exists, the law vests the debtor's decision to use property out of the ordinary course of business with a strong presumption that "in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *See Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (citations and internal quotations omitted), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993).

26.      The Settlement Agreement reflects a reasonable balance between the Debtors' and the United States' respective positions on the magnitude of Chemtura's potential share of cleanup costs at the Gowanus Site. The Debtors have considered the alternatives to the Settlement Agreement and the risks and expenses described above. After considering those factors, the Debtors determined, in their business judgment, that the terms of the Settlement Agreement are both fair and in the best interests of their estates.

27.     In sum, the benefits of the Settlement Agreement to the Debtors' estates far outweigh the costs.  The Settlement Agreement will resolve the Debtors' potential liability for the U.S. Proof of Claim for the Gowanus Site, provide certainty for the Debtors with respect to their potential future liability at the Gowanus Site, and relieve the Debtors of the ongoing expense and distraction of litigation relating to environmental liabilities associated with the Gowanus Site.  Accordingly, the Debtors, in an exercise of their business judgment, have determined that entry into the Settlement Agreement is in the best interests of their estates.

## Motion Practice

28.     This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this motion.  Accordingly, the Debtors submit that this motion satisfies Rule 9013-1(a) of the Local Rules of Bankruptcy Procedures for the Southern District of New York.

## Notice

29.     The Debtors have provided notice of this motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the statutory committee of unsecured creditors appointed in these chapter 11 cases; (c) counsel to the agent for the Debtors' post petition and prepetition secured lenders; (d) counsel to the statutory committee of equity security holders appointed in these chapter 11 cases; (e) counsel to the ad hoc committee of bondholders in these chapter 11 cases; (f) the indenture trustee for each of the Debtors' outstanding bond issuances; (g) the Internal Revenue Service; (h) the Environmental Protection Agency; (i) the Securities and Exchange Commission; (j) the United States; and (k) any persons who have filed a request for notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

12

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, authorizing Chemtura to enter into the Settlement Agreement and (b) grant such other and further relief as is just and proper.

Dated:  November 9, 2010

/s/ M. Natasha Labovitz
Richard M. Cieri
M. Natasha Labovitz
Craig A. Bruens
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

David J. Zott, P.C.
Nader R. Boulos, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

Brian T. Stansbury
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

*Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

Proposed Order

Hearing Date: December 7, 2010 at 9:45 a.m.
Objection Deadline: November 23, 2010 at 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| CHEMTURA CORPORATION, *et al.*, [1] | ) |
| | ) Case No. 09-11233 (REG) |
| Debtors. | ) |
| | ) Jointly Administered |
| | ) |

**ORDER AUTHORIZING CHEMTURA CORPORATION TO ENTER INTO, AND**
**APPROVING, A SETTLEMENT AGREEMENT WITH THE UNITED STATES**
**RELATING TO THE GOWANUS CANAL SUPERFUND SITE**

Upon the motion (the "**Motion**")[2] of Chemtura Corporation ("**Chemtura**") and its

affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively,

the "Debtors") for entry of an order pursuant to section 363(b) of title 11 of the United States

Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), and Rule 9019 of the Federal Rules of

Bankruptcy Procedures (the "**Bankruptcy Rules**") authorizing Chemtura to enter into, and

approving, a Settlement Agreement (the "**Settlement Agreement**") with the United States

relating to the Gowanus Site; and it appearing that the Settlement Agreement is fair and equitable

and that the relief requested is in the best interests of the Debtors' estates, their creditors,

stakeholders, and other parties in interest; and the Court having jurisdiction to consider the

---

1    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer
     identification number, are:  Chemtura Corporation (3153); A&M Cleaning Products, LLC (4712); Aqua Clear
     Industries, LLC (1394); ASCK, Inc. (4489); ASEPSIS, Inc. (6270); BioLab Company Store, LLC (0131);
     BioLab Franchise Company, LLC (6709); Bio-Lab, Inc. (8754); BioLab Textile Additives, LLC (4348);
     Chemtura Canada Co./Cie (5047); CNK Chemical Realty Corporation (5340); Crompton Colors Incorporated
     (3341); Crompton Holding Corporation (3342); Crompton Monochem, Inc. (3574); GLCC Laurel, LLC (5687);
     Great Lakes Chemical Corporation (5035); Great Lakes Chemical Global, Inc. (4486); GT Seed Treatment, Inc.
     (5292); HomeCare Labs, Inc. (5038); ISCI, Inc. (7696); Kem Manufacturing Corporation (0603); Laurel
     Industries Holdings, Inc. (3635); Monochem, Inc. (5612); Naugatuck Treatment Company (2035); Recreational
     Water Products, Inc. (8754); Uniroyal Chemical Company Limited (Delaware) (9910); Weber City Road LLC
     (4381); and WRL of Indiana, Inc. (9136).

2    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and any objections to the Motion having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing; it is therefore, ORDERED that:

1.      The Motion is granted.

2.      Pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, the Debtors are authorized to enter into the Settlement Agreement, which is hereby approved, and to take such steps as may be necessary to implement and effectuate the terms of this Order, the Settlement Agreement and any related transactions.

3.      The Debtors are authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate, to implement and effectuate the transactions contemplated by this Order.

4.      Subject to the conditions set forth in the Settlement Agreement, proof of claim number 11672 filed by the United States is hereby deemed to be satisfied in full with respect to the Gowanus Site.

5.      Notwithstanding the possible applicability of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

2

6.     The Court shall retain jurisdiction with respect to any matters, claims, rights, or

disputes arising from or related to the implementation of this Order.


New York, New York                              _____
Date: _____, 2010                      Honorable Robert E. Gerber
                                                United States Bankruptcy Judge

**Exhibit B**

Settlement Agreement

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CHEMTURA CORPORATION, *et al.*, | Case No. 09-11233 (REG) |
| Debtors. | Jointly Administered |

**SETTLEMENT AGREEMENT BETWEEN**
**THE DEBTORS AND THE UNITED STATES**
**RELATING TO THE GOWANUS CANAL SUPERFUND SITE**

## I. RECITALS

WHEREAS, Chemtura Corporation ("**Chemtura**") and those of its affiliates listed in Exhibit A (collectively, as debtors, debtors-in-possession, or in any new or reorganized form as a result of the above-captioned bankruptcy proceeding, "**Debtors**") filed with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**" or "**Court**") voluntary petitions for relief under Title 11 of the United States Code (the "**Bankruptcy Code**") on March 18, 2009 (the "**Petition Date**"), which have been consolidated for procedural purposes and are being administered jointly as Case No. 09-11233 (REG) (the "**Bankruptcy Cases**");

WHEREAS, the United States, on behalf of the United States Environmental Protection Agency (along with any legal successor thereto, "**EPA**"), has filed a proof of claim (Claim No. 11672) (the "**U.S. Proof of Claim**") against Chemtura, contending, *inter alia*, that Chemtura is liable under the Comprehensive Environmental Response, Compensation, and Liability Act ("**CERCLA**"), 42 U.S.C. § 9601 *et seq.*, for costs incurred and to be incurred by the United

States in response to releases and threats of releases of hazardous substances at or in connection with the Gowanus Canal Superfund Site in New York (the "**Gowanus Site**");

WHEREAS, on January 22, 2010, the Debtors filed an Omnibus Objection to the U.S. Proof of Claim (the "**Omnibus Objection**"), in which the Debtors contended, *inter alia*, that they are not liable for certain response costs at or in connection with the Gowanus Site;

WHEREAS, the Omnibus Objection has been adjourned to facilitate settlement discussions;

WHEREAS, the United States disagrees with the Debtors' contentions in the Omnibus Objection, and the Debtors disagree with the United States' contentions in its proof of claim, and, but for this Settlement Agreement, the Parties would litigate their disputes in court;

WHEREAS, the Parties wish to resolve their differences with respect to the Gowanus Site as provided herein, without adjudication of the Omnibus Objection;

WHEREAS, Chemtura and the State of New York have entered into a separate settlement agreement (the "**New York Settlement Agreement**") resolving disputes between them regarding Chemtura's performance of work at a portion of the Gowanus Site known as the Court Street Facilities, which settlement agreement was filed with the Bankruptcy Court on September 17, 2010, and remains subject to approval by the Bankruptcy Court and the United States District Court for the Southern District of New York ("**District Court**");

WHEREAS, pursuant to the New York Settlement Agreement, Chemtura has agreed to perform remediation at the Court Street Facilities pursuant to the terms of orders on consent with the State of New York (the "**Consent Orders**");

WHEREAS, the Debtors and the United States, along with the Connecticut Commissioner of Environmental Protection, have entered into a separate settlement agreement,

2

which addresses matters in dispute between the Parties in the Bankruptcy Cases other than the Gowanus Site and is not modified hereby;

WHEREAS, the treatment of liabilities provided for herein represents a compromise of the contested positions of the Parties that is entered into solely for purposes of this settlement, and the Parties reserve their arguments, and recognize that this settlement is without prejudice to the rights and arguments of non-parties, including but not limited to the official committees in the Bankruptcy Cases, as to any other issues that are presently, or may in the future be, involved in the Bankruptcy Cases;

WHEREAS, in consideration of, and in exchange for, the promises and covenants herein, including, without limitation, the covenants not to sue set forth in Paragraphs 11 and 17, and subject to the provisions of Paragraphs 24 through 27, intending to be legally bound hereby, the Parties hereby agree to the terms and provisions of this Settlement Agreement;

WHEREAS, settlement of the matters governed by this Settlement Agreement is in the public interest, is in the best interests of the Debtors and their estates, and is an appropriate means of resolving these matters;

NOW, THEREFORE, without the admission of liability or the adjudication of any issue of fact or law, and upon the consent and agreement of the Parties by their attorneys and authorized officials, it is hereby agreed as follows:

## II. DEFINITIONS

1.    Unless otherwise expressly provided herein, terms used in this Settlement Agreement that are defined in CERCLA or its regulations or in the Bankruptcy Code shall have the meaning assigned to them in CERCLA, its regulations, or the Bankruptcy Code.  Whenever terms listed below are used in this Settlement Agreement, the following definitions shall apply:

3

a.    "**Allowed Environmental Claim**" has the meaning set forth in the Plan of

Reorganization.

b.    "**Allowed General Unsecured Claim**" has the meaning set forth in the Plan

of Reorganization.

c.    "**Bankruptcy Cases**" has the meaning set forth in the recitals.

d.    "**Bankruptcy Code**" has the meaning set forth in the recitals.

e.    "**Bankruptcy Court**" or the "**Court**" has the meaning set forth in the recitals.

f.    "**CERCLA**" means the Comprehensive Environmental Response,

Compensation, and Liability Act, 42 U.S.C. § 9601 *et seq.*, as now in effect or hereafter

amended.

g.    "**Chemtura**" has the meaning set forth in the recitals.

h.    "**Claim**" has the meaning provided in Section 101(5) of the Bankruptcy Code.

i.    "**Consent Orders**" has the meaning set forth in the recitals.

j.    "**Court Street Facilities**" means the facilities located at 633 and 688-700

Court Street, Brooklyn, Kings County, New York, and areas upland of the Gowanus Canal to

which hazardous substances have migrated and/or are continuing to migrate from 633 and 688-

700 Court Street, Brooklyn, Kings County, New York.

k.    "**Debtors**" has the meaning set forth in the recitals.

l.    "**District Court**" has the meaning set forth in the recitals.

m.    "**Effective Date**" means the later of (i) the date an order is entered by the

Bankruptcy Court approving this Settlement Agreement, (ii) the date the New York Settlement

Agreement becomes effective in accordance with its terms, or (iii) the date the Plan of

Reorganization becomes effective in accordance with its terms.

4

n. "**EPA**" has the meaning set forth in the recitals.

o. "**Governmental Unit**" has the meaning provided in Section 101(27) of the Bankruptcy Code.

p. "**Gowanus Canal**" means the approximately 100-foot-wide, 1.8-mile-long canal located in the New York City borough of Brooklyn, Kings County, New York, which is connected to Gowanus Bay in Upper New York Bay.

q. "**Gowanus Canal Superfund Site**" or "**Gowanus Site**" means the Gowanus Canal, the Court Street Facilities, and any other areas which are sources of contamination to the Canal.

r. "**Hazardous Substance Superfund**" means the Hazardous Substance Superfund established by 26 U.S.C. § 9507.

s. "**NYSDEC**" means the New York State Department of Environmental Conservation

t. "**New York Settlement Agreement**" has the meaning set forth in the recitals.

u. "**NPL**" means the National Priorities List, 40 C.F.R. Part 300.

v. "**Omnibus Objection**" has the meaning set forth in the recitals.

w. "**Parties**" means the Debtors and the United States (any one of which, individually, shall be referred to herein as a "**Party**").

x. "**Petition Date**" has the meaning set forth in the recitals.

y. "**Plan of Reorganization**" or "**Plan**" means the Joint Chapter 11 Plan of Chemtura Corporation, *et al.*, dated August 4, 2010 (as revised, amended, and supplemented from time to time).

z.    "**Prepetition**" refers to the time period on or prior to the commencement of the Bankruptcy Cases.

aa.    "**Postpetition**" refers to the time period from and after the commencement of the Bankruptcy Cases.

bb.    "**RCRA**" means the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 *et seq.*, as now in effect or hereafter amended.

cc.    "**United States**" means the United States of America and all of its agencies, departments, and instrumentalities, including EPA.

dd.    "**U.S. Proof of Claim**" has the meaning set forth in the recitals.

## III.  JURISDICTION

2.    The Court has jurisdiction over the subject matter hereof pursuant to 28 U.S.C. §§ 157, 1331, and 1334, and 42 U.S.C. §§ 9607 and 9613(b).

## IV.  PARTIES BOUND; SUCCESSION AND ASSIGNMENT

3.    This Settlement Agreement applies to, is binding upon, and shall inure to the benefit of the United States, the Debtors, the Debtors' legal successors and assigns, and any trustee, examiner, or receiver appointed in the Bankruptcy Cases.

## V.  ALLOWED CLAIM

4.    In settlement and satisfaction of the U.S. Proof of Claim with respect to the Gowanus Site, the United States on behalf of EPA shall have an Allowed Environmental Claim of $3,900,000 against Chemtura.  The United States shall receive no distributions or other payments in the Bankruptcy Cases with respect to the Debtors' liabilities and obligations asserted in the U.S. Proof of Claim with respect to the Gowanus Site other than as set forth in this Paragraph.

5.    The Allowed Environmental Claim authorized by Paragraph 4 of this Settlement Agreement (i) shall be treated as provided under Section 3.3(k)(i)(A) of the Plan of Reorganization, specifically, payment in cash, and (ii) shall not be subordinated to any other Allowed Environmental Claims or any Allowed General Unsecured Claims pursuant to any provision of the Bankruptcy Code or other applicable law, including, without limitation, Sections 105, 510, and 726(a)(4) of the Bankruptcy Code.

6.    Only the amount of cash received by EPA from the Debtors for the Allowed Environmental Claim authorized by Paragraph 4 of this Settlement Agreement, and not the total amount of the Allowed Environmental Claim, shall be credited by EPA to its account for the Gowanus Site, which credit shall reduce the liability of non-settling potentially responsible parties for the Gowanus Site by the amount of the credit.

7.    EPA may deposit any funds received pursuant to Paragraph 4 of this Settlement Agreement into the Hazardous Substance Superfund or into an EPA special account established for the Gowanus Site within the Hazardous Substance Superfund, to be retained and used to conduct or finance response actions at or in connection with the Gowanus Site, or to be transferred to the Hazardous Substance Superfund.

**VI.  RESOLUTION OF PROOF OF CLAIM AND OMNIBUS OBJECTION**

8.    The U.S. Proof of Claim shall be deemed satisfied in full with respect to the Gowanus Site in accordance with the terms of this Settlement Agreement.  Moreover, the approval of this Settlement Agreement by the Court, together with the proof of claim referenced in the preceding sentence, shall be deemed to satisfy any requirement for EPA to file in these Bankruptcy Cases any claim, request, or demand for the disbursement of funds as provided herein.  No further proof of claim or other request or demand by EPA shall be required.  Any and

all proofs of claim deemed to be filed pursuant to this Paragraph shall also be deemed satisfied

in full in accordance with the terms of this Settlement Agreement.

9.    With respect to matters pertaining to the Gowanus Site, the Omnibus Objection

shall be deemed resolved in full by this Settlement Agreement, without costs or attorney's fees to

any Party.

## VII. <u>PAYMENT INSTRUCTIONS</u>

10.    Payment to the United States pursuant to this Settlement Agreement shall be made

by FedWire Electronic Funds Transfer ("EFT") to the United States Department of Justice

account in accordance with current EFT procedures.  Payment shall be made in accordance with

instructions provided to the Debtors by the Financial Litigation Unit of the United States

Attorney's Office for the Southern District of New York and shall reference Bankruptcy Case

Number 09-11233 and DOJ File Number 90-11-3-09736.  The Debtors shall transmit written

confirmation of such payments to the United States at the addresses specified in Paragraph 23.

## VIII. <u>COVENANTS NOT TO SUE AND RESERVATION OF RIGHTS</u>

11.    In consideration of all of the foregoing, including, without limitation, the

distributions that will be made on account of the Allowed Environmental Claim authorized

pursuant to Paragraph 4, and except as specifically provided in this Paragraph and Paragraphs 14

through 16, EPA covenants not to file a civil action or to take any administrative or other civil

action against the Debtors pursuant to Sections 106 or 107 of CERCLA, 42 U.S.C. §§ 9606 or

9607, and Section 7003 of RCRA, 42 U.S.C. § 6973, with respect to the Gowanus Site.  The

covenant not to sue set forth in this Paragraph shall take effect on the Effective Date, provided,

however, that if (a) the NYSDEC issues a notice of noncompliance or a notice of violation to

Chemtura with respect to one or more of the Court Street Facilities addressed in the New York

Settlement Agreement and Consent Orders, and (b) the notice of noncompliance or notice of

violation is not cured within the time specified in the notice, or determined by the NYSDEC to

have been issued in error, or otherwise withdrawn, and (c) the United States determines that

there may be an imminent and substantial endangerment to public health or welfare or the

environment because of an actual or threatened release of hazardous substances at the Court

Street Facility (or Facilities) which is (or are) the subject of the notice of noncompliance or

notice of violation, then the covenant not to sue set forth in this Paragraph shall, only with

respect to the Court Street Facility (or Facilities) which is (or are) the subject to the notice of

noncompliance or notice of violation, be null and void and of no effect without further action by

any Party.

　　　　12.　　This Settlement Agreement in no way impairs the scope and effect of the Debtors'

discharge under Section 1141 of the Bankruptcy Code as to any third parties (including any

Governmental Units other than EPA) or as to any Claims that are not addressed by this

Settlement Agreement.

　　　　13.　　Without in any way limiting the covenant not to sue as set forth in Paragraph 11

(and the reservations thereto as set forth in Paragraphs 11, 14-16, and 22), and notwithstanding

any other provision of this Settlement Agreement, such covenant not to sue shall also apply to

the Debtors' successors and assigns, officers, directors, employees, and trustees, but only to the

extent that the alleged liability of the successor or assign, officer, director, employee, or trustee of

any Debtor is based solely on its status as and in its capacity as a successor or assign, officer,

director, employee, or trustee of any Debtor.

　　　　14.　　The covenant not to sue contained in Paragraph 11 of this Settlement Agreement

extends only to the Debtors and the persons described in Paragraph 13 above and does not

9

extend to any other person.  Nothing in this Settlement Agreement is intended as a covenant not

to sue or a release from liability for any person or entity other than the Debtors, the United

States, and the persons described in Paragraph 13.  EPA and the Debtors expressly reserve all

claims, demands, and causes of action, either judicial or administrative, past, present, or future,

in law or equity, which they may have against all other persons, firms, corporations, entities, or

predecessors of the Debtors (excluding each of the Debtors as successor to any entity) for any

matter arising at or relating in any manner to the sites or claims addressed herein.

15.    The covenant not to sue set forth in Paragraph 11 does not pertain to any matters

other than those expressly specified therein.  The United States expressly reserves, and this

Settlement Agreement is without prejudice to, all rights against the Debtors and the persons

described in Paragraph 13 with respect to all other matters other than those set forth in

Paragraph 11.  The United States also specifically reserves, and this Settlement Agreement is

without prejudice to, any action based on (i) a failure to meet a requirement of this Settlement

Agreement or (ii) criminal liability.  In addition, the United States reserves, and this Settlement

Agreement is without prejudice to, all rights against the Debtors, their successors, assigns,

officers, directors, employees, and trustees with respect to the Gowanus Site for liability under

CERCLA, RCRA, or state law for acts by the Debtors, their successors, assigns, officers,

directors, employees, or trustees that occur after the date of lodging of this Settlement

Agreement and give rise to liability under CERCLA, RCRA, or state law.  As used in the

preceding sentence, the phrase "acts by the Debtors, their successors, assigns, officers, directors,

employees, or trustees that occur after the date of lodging of this Settlement Agreement" does

not include continuing releases related to conduct occurring before the date of lodging of this

Settlement Agreement.

16.    Subject to the covenant not to sue set forth in Paragraph 11 (and the reservations thereto set forth in Paragraphs 11, 14, 15, and 22), nothing in this Settlement Agreement shall be deemed to limit the authority of the United States to take response action under Section 104 of CERCLA, 42 U.S.C. § 9604, or any other applicable law or regulation, or to alter the applicable legal principles governing judicial review of any action taken by the United States pursuant to such authority.  Nothing in this Settlement Agreement shall be deemed to limit the information-gathering authority of the United States under Sections 104 and 122 of CERCLA, 42 U.S.C. §§ 9604 and 9622, or any other applicable federal or state law or regulation, or to excuse the Debtors from any disclosure or notification requirements imposed by CERCLA, RCRA, or any other applicable federal or state law or regulation.

17.    The Debtors hereby covenant not to sue and agree not to assert or pursue any claims or causes of action against the United States with respect to the Gowanus Site, including, but not limited to:  (i) any direct or indirect claim for reimbursement from the Hazardous Substance Superfund through Sections 106(b)(2), 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9611, 9612, or 9613, or any other provision of law; (ii) any claim against the United States, including any department, agency, or instrumentality of the United States, under Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613, related to the Gowanus Site; or (iii) any claims arising out of response activities at the Gowanus Site.  The foregoing covenant not to sue shall also apply to the United States' employees, successors, and assigns.  Nothing in this Settlement Agreement shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

## IX. <u>CONTRIBUTION PROTECTION</u>

18.   The Parties agree, and by entering this Settlement Agreement the Court finds, that this settlement constitutes a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that the Debtors are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for "matters addressed" in this Settlement Agreement.  Subject to the last sentence of this Paragraph, the "matters addressed" in this Settlement Agreement, as that phrase is used in Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), include, without limitation, claims by EPA or potentially responsible parties for response costs at or in connection with the Gowanus Site.  The "matters addressed" in this Settlement Agreement do not include claims against any of the Debtors for liquidated past response costs incurred by potentially responsible parties prior to the Petition Date and included in proofs of claim filed in any of the Bankruptcy Cases by potentially responsible parties with respect to the Gowanus Site.

19.   The Debtors each agree that, with respect to any suit for contribution brought against any of them after the Effective Date for matters related to this Settlement Agreement, they will notify the United States within fifteen business days of service of the complaint upon them.  In addition, in connection with such suit, the Debtors shall notify the United States within fifteen business days of service or receipt of any Motion for Summary Judgment and within fifteen business days of receipt of any order from a court setting a case for trial (provided, however, that the failure to notify the United States pursuant to this Paragraph shall not in any way affect the protections afforded under Section VIII (Covenants Not to Sue and Reservation of Rights).

## X.  RETENTION OF RECORDS AND CERTIFICATION

20.  Until ten years after the Effective Date, each of the Debtors shall preserve and retain all non-identical copies of records, reports, documents, and other information (including records, reports, documents, and other information in electronic form) (hereinafter referred to as "Records") now in its possession or control or which come into its possession or control that relate in any manner to (i) response actions taken at the Gowanus Site, or (ii) the liability of any person under CERCLA, RCRA, or state law with respect to the Gowanus Site.  The above record retention requirement shall apply regardless of any corporate retention policy to the contrary.

21.  At the conclusion of the record retention period provided for in the preceding Paragraph, the Debtors shall notify the United States at least ninety days prior to the destruction of any Records described in the preceding Paragraph, and, upon request by the United States, the Debtors shall deliver any such Records to the United States.  The Debtors may assert that certain Records are privileged under the attorney-client privilege or any other privilege recognized by federal law.  The Debtors shall retain all Records that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Debtors' favor.  However, no Records created or generated pursuant to the requirements of this or any other settlement or consent order with the United States or State of New York shall be withheld on the grounds that they are privileged or confidential.

22.  The Debtors certify (i) that, to the best of their knowledge and belief, after thorough inquiry, they have not altered, mutilated, discarded, destroyed, or otherwise disposed of any Records (other than identical copies) relating to their potential liability regarding the Gowanus Site since the earlier of notification of potential liability by the United States regarding the

Gowanus Site or the filing of the U.S. Proof of Claim, and (ii) that they have fully complied with

any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA,

42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

## XI.  NOTICES AND SUBMISSIONS

23.    Whenever, under the terms of this Settlement Agreement, written notice is required

to be given, or a report or other document is required to be sent by one Party to another, it shall

be directed to the individuals at the addresses specified below via U.S. certified mail, return

receipt requested, unless those individuals or their successors give notice of a change of address

to the other Parties in writing.  All notices and submissions shall be considered effective upon

receipt, unless otherwise provided.  Except as otherwise provided in this Settlement Agreement,

written notice as specified herein shall constitute complete satisfaction of any written notice

requirement in the Settlement Agreement with respect to the United States and the Debtors,

respectively.

As to the United States:

Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044
Ref. DOJ File No. 90-11-3-09736

Lawrence H. Fogelman
Assistant United States Attorney
Office of the United States Attorney
    for the Southern District of New York
86 Chambers Street, Third Floor
New York, NY 10007

Craig Kaufman
Attorney-Advisor
U.S. Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, NW
Washington, DC 20460

As to the Debtors:

Chemtura Corporation
199 Benson Road
Middlebury, CT 06762
ATTN:  General Counsel

with copies to:

Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
ATTN:  M. Natasha Labovitz, Esq.

### XII.  JUDICIAL APPROVAL AND PUBLIC COMMENT

24.    This Settlement Agreement shall be subject to approval of the Bankruptcy Court. The Debtors shall promptly seek approval of this Settlement Agreement under Bankruptcy Rule 9019 or applicable provisions of the Bankruptcy Code.

25.    This Settlement Agreement shall be lodged with the Bankruptcy Court and shall thereafter be subject to a period of public comment following publication of notice of the Settlement Agreement in the *Federal Register*.  The public comment period provided for in this Paragraph may run concurrently with any notice period required pursuant to Bankruptcy Rule 2002 or applicable local rule in connection with judicial approval of the Settlement Agreement pursuant to the preceding Paragraph.

26.    After the period for public comment, the United States will file with the Bankruptcy Court any comments received, as well as the United States' responses to the comments.  At that time, if appropriate, the United States will request approval of the Settlement

15

Agreement.  The United States reserves the right to withdraw or withhold its consent to this

Settlement Agreement if the public comments regarding it disclose facts or considerations which

indicate that it is not in the public interest.

27.   If for any reason (i) the Settlement Agreement is withdrawn by the United States as

provided in Paragraph 26, or (ii) the Settlement Agreement is not approved by the Bankruptcy

Court, (iii) the New York Settlement Agreement is not approved by the Bankruptcy Court and/or

District Court, (iv) the Plan of Reorganization is amended to provide for non-cash distributions

to Governmental Units with allowed claims for Debtor liabilities under environmental law, or

(v) the Bankruptcy Cases are dismissed or converted to cases under Chapter 7 of the Bankruptcy

Code before the effective date of the Plan:  (a) this Settlement Agreement shall be null and void

and the Parties shall not be bound hereunder or under any documents executed in connection

herewith; (b) the Parties shall have no liability to one another arising out of or in connection with

this Settlement Agreement or under any documents executed in connection herewith; and (c) this

Settlement Agreement and any documents prepared in connection herewith shall have no

residual or probative effect or value, and it shall be as if they had never been executed.

### XIII.  PLAN OF REORGANIZATION

28.   The Debtors shall not amend the Plan of Reorganization in a manner inconsistent

with the terms and provisions of this Settlement Agreement, or take any other action in the

Bankruptcy Cases that is inconsistent with the terms and provisions of this Settlement

Agreement.  The Debtors shall timely serve EPA with any motion to amend the Plan after its

confirmation.  EPA shall not oppose any term or provision of the Plan that is addressed by and

consistent with this Settlement Agreement.  The Parties reserve all other rights and defenses they

may have with respect to the Plan.

## XIV.  INTEGRATION, AMENDMENTS, AND EXECUTION

29.   This Settlement Agreement and any other documents to be executed in connection herewith and referred to herein shall constitute the sole and complete agreement of the Parties with respect to the matters addressed herein.  This Settlement Agreement may not be amended except by a writing signed by all Parties.

30.   This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, and all of which shall constitute one and the same agreement.

## XV.  RETENTION OF JURISDICTION

31.   The Court (or, upon withdrawal of the Court's reference, the District Court) shall retain jurisdiction over the subject matter of this Settlement Agreement and the Parties for the duration of the performance of the terms and provisions of this Settlement Agreement for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or interpretation of this Settlement Agreement or to effectuate or enforce compliance with its terms.

THE UNDERSIGNED PARTIES ENTER INTO THIS SETTLEMENT AGREEMENT:

FOR THE UNITED STATES OF AMERICA:

Date: _____9/18/10_____    By: _____
ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Date: _____9/30/10_____    By: _____
LAWRENCE H. FOGELMAN
SARAH E. LIGHT
BRIAN K. MORGAN
NATALIE N. KUEHLER
Assistant United States Attorneys
Office of the United States Attorney for the
    Southern District of New York
86 Chambers Street, Third Floor
New York, NY 10007

Date: _____9/30/10_____    By: _____
KEVIN LYSKOWSKI
Senior Bankruptcy Counsel
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044

18

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:

Date: ___9/29/10___          By: _____

CYNTHIA GILES
Assistant Administrator for Enforcement and
    Compliance Assurance
U.S. Environmental Protection Agency

Date: ___9/23/10___          By: _____

CRAIG KAUFMAN
Attorney-Advisor
U.S. Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, NW
Washington, DC 20460

*In re: Chemtura Corp. et al.,* Case No. 09-11233 (REG)

Dated: _____, 2010

Chemtura Corporation

By: _Billie S. Flaherty_____

Billie S. Flaherty
Senior Vice President, General
Counsel & Secretary

BioLab Company Store, LLC
BioLab Franchise Company LLC

By: _____

Robert J. Cicero
Vice President and Secretary

A&M Cleaning Products, LLC
Aqua Clear Industries, LLC
ASCK, Inc.
ASEPSIS, Inc.
BioLab Textile Additives, LLC
Bio-Lab Inc.
CNK Chemical Realty Corp.
Crompton Colors Incorporated
Crompton Holding Corporation
Crompton Monochem, Inc.
GLCC Laurel, LLC
Great Lakes Chemical Corporation
Great Lakes Chemical Global, Inc.
GT Seed Treatment, Inc.
HomeCare Labs, Inc.
ISCI, Inc.
Kem Manufacturing Corporation
Laurel Industries Holdings, Inc.
Monochem, Inc.
Naugatuck Treatment Company
Recreational Water Products, Inc.
Uniroyal Chemical Company Limited
(Delaware)
Weber City Road LLC
WRL of Indiana, Inc.

By: _____

Robert J. Cicero
Secretary

20

**EXHIBIT A**

Debtors

The Debtors, along with the last four digits of each Debtor's federal taxpayer identification number, are:

Chemtura Corporation (3153)
A&M Cleaning Products, LLC (4712)
Aqua Clear Industries, LLC (1394)
ASCK, Inc. (4489)
ASEPSIS, Inc. (6270)
BioLab Company Store, LLC (0131)
BioLab Franchise Company, LLC (6709)
Bio Lab, Inc. (8754)
BioLab Textile Additives, LLC (4348)
CNK Chemical Realty Corporation (5340)
Crompton Colors Incorporated (3341)
Crompton Holding Corporation (3342)
Crompton Monochem, Inc. (3574)
GLCC Laurel, LLC (5687)
Great Lakes Chemical Corporation (5035)
Great Lakes Chemical Global, Inc. (4486)
GT Seed Treatment, Inc. (5292)
HomeCare Labs, Inc. (5038)
ISCI, Inc. (7696)
Kem Manufacturing Corporation (0603)
Laurel Industries Holdings, Inc. (3635)
Monochem, Inc. (5612)
Naugatuck Treatment Company (2035)
Recreational Water Products, Inc. (8754)
Uniroyal Chemical Company Limited (Delaware) (9910)
Weber City Road LLC (4381)
WRL of Indiana, Inc. (9136)