UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHEMTURA CORPORATION, *et al.*,[1] | ) | Case No. 09-11233 (REG) |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER AUTHORIZING CHEMTURA CORPORATION TO ENTER INTO, AND
APPROVING, A SETTLEMENT AGREEMENT WITH THE UNITED STATES
RELATING TO THE GOWANUS CANAL SUPERFUND SITE**

Upon the motion (the "**Motion**")[2] of Chemtura Corporation ("**Chemtura**") and certain of its affiliates in the above-captioned chapter 11 cases (collectively, the "**Reorganized Debtors**" and before the effective date of the chapter 11 plan confirmed by the Court, the "**Debtors**") for entry of an order pursuant to section 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), and Rule 9019 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**") authorizing Chemtura to enter into, and approving, a Settlement Agreement (the "**Settlement Agreement**") with the United States relating to the Gowanus Site; and it appearing that the Settlement Agreement is fair and equitable and that the relief requested is in the best interests of the Debtors' estates, their creditors, stakeholders, and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, were: Chemtura Corporation (3153); A&M Cleaning Products, LLC (4712); Aqua Clear Industries, LLC (1394); ASCK, Inc. (4489); ASEPSIS, Inc. (6270); BioLab Company Store, LLC (0131); BioLab Franchise Company, LLC (6709); Bio-Lab, Inc. (8754); BioLab Textile Additives, LLC (4348); Chemtura Canada Co./Cie (5047); CNK Chemical Realty Corporation (5340); Crompton Colors Incorporated (3341); Crompton Holding Corporation (3342); Crompton Monochem, Inc. (3574); GLCC Laurel, LLC (5687); Great Lakes Chemical Corporation (5035); Great Lakes Chemical Global, Inc. (4486); GT Seed Treatment, Inc. (5292); HomeCare Labs, Inc. (5038); ISCI, Inc. (7696); Kem Manufacturing Corporation (0603); Laurel Industries Holdings, Inc. (3635); Monochem, Inc. (5612); Naugatuck Treatment Company (2035); Recreational Water Products, Inc. (8754); Uniroyal Chemical Company Limited (Delaware) (9910); Weber City Road LLC (4381); and WRL of Indiana, Inc. (9136).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and notice of the Settlement Agreement having been published in the *Federal Register* for public comment, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and the United States' memorandum of law in support of the Motion responding to public comments submitted to the United States concerning the Settlement Agreement; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the Motion having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing; it is therefore, ORDERED that:

1. The Motion is granted.

2. The Settlement Agreement is approved as fair, reasonable and consistent with environmental law.

3. Pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, the Debtors' entry into the Settlement Agreement is hereby approved, and the Reorganized Debtors may take such steps as may be necessary to implement and effectuate the terms of this Order, the Settlement Agreement and any related transactions.

4. The Reorganized Debtors are authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate, to implement and effectuate the transactions contemplated by this Order.

5. Subject to the conditions set forth in the Settlement Agreement, proof of claim number 11672 filed by the United States is hereby deemed to be satisfied in full with respect to the Gowanus Site.

6. Notwithstanding the possible applicability of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the implementation of this Order.

New York, New York  
Dated: **_December 7, 2010_**

*s/ Robert E. Gerber*  
Honorable Robert E. Gerber  
United States Bankruptcy Judge

K&E 18089561.1